WESLEY CHRISTIAN v. JOHN DORSEY and Another.[1]

October 18, 1897.

Nos. 10,719—(215).

Appeal from Justice—Jurisdiction of District Court.

    On appeal from a justice of the peace the district court "becomes possessed of" and acquires complete jurisdiction of the action when the appeal is perfected and the justice's return filed.

Same—Placing Case on Calendar—Relief from Default.

    The omission of the appellant to cause an entry of the appeal on the calendar of actions on or before the second day of the term, as provided by G. S. § 5072, does not affect the jurisdiction of the district court over the action. The district court has the power to relieve the appellant from the consequences of his omission, and to try the cause on its merits.

[1] Reported in 72 N. W. 568.

Appeal by plaintiff from a judgment of the district court for St. Louis county, Moer, J., in favor of John A. Gustafson, garnishee. Affirmed.

*Campbell & Stilson* and *T. Waldo Murphy*, for appellant.

*Isaac E. West,* for respondent.

MITCHELL, J.

The garnishee appealed to the district court from a judgment of a justice of the peace. He having failed to cause an entry of the appeal to be made by the clerk of the district court upon the calendar of actions for trial on or before the second day of the term, the plaintiff, on a subsequent day of the term, caused the same to be entered, and the judgment of the court below to be entered against the garnishee, with costs of both courts, as provided by G. S. § 5072. Subsequently, upon motion of the garnishee, and against the objections of the plaintiff, the court set aside the judgment, and ordered the cause to be entered on the calendar for trial on the merits at the same term. When the cause came on for trial, plaintiff's counsel objected to the jurisdiction of the court to try this case on the grounds: First, that the justice's fees had not been paid as required by the statute; second, that the appeal had never been allowed; third, that the appeal was not entered upon the docket of the district court by the appellant on or before the second day of the first succeeding term after the appeal was attempted to be taken. The correctness of the action of the district court in overruling this objection is all that is challenged by the plaintiff on this appeal.

All that need be said of the first and second grounds of plaintiff's objection is that they are without merit. • There is nothing in the record to support them.

In support of the third ground the contention of counsel is that the provision of section 5072, requiring the appellant to cause an entry of the appeal to be made upon the district court calendar of actions on or before the second day of the term, is mandatory, and essential to the jurisdiction of the district court to try the action; and that, if the appellant fails to do so, the appellee has the absolute right to have the same entered, and the judgment of the justice entered against the appellant; that, being thus jurisdictional, the

court has no power to relieve the appellant from the result of his neglect by allowing him to enter it at a subsequent date. The sufficiency of the reasons for the court's relieving the garnishee from his default or neglect, if the court had power to do so at all, is not challenged by the record. The only question is one of jurisdiction or power.

The provision referred to prescribes a mode of procedure in cases that have been appealed from justice's court, which was doubtless designed to insure the prompt disposition of such cases, and which should be so construed and administered as to effect that object. But the entry of the appeal on the calendar of the term is no part of the appeal, and does not go to the jurisdiction of the district court over the action. That jurisdiction is fully acquired when the appeal is perfected, and the justice's return filed in the district court, upon which, the statute provides,

"The district court shall become possessed of the action, and shall proceed therein in the same manner, as near as may be, as in actions originally commenced in that court, except as herein otherwise provided." G. S. 1894, § 5070.

When the district court has thus "become possessed of" and obtained jurisdiction of the action, all provisions of statute as to subsequent proceedings only go to the manner of procedure in that court, and should be construed so as to harmonize, as far as possible, with the general provisions of statute relating to the relief of parties from the consequences of their mistake, inadvertence, or excusable neglect. The power to do this is necessarily implied by the qualifying clause, "unless otherwise ordered by said court."

Our conclusion is that the failure of the appellant to enter his appeal on the calendar of actions on or before the second day of the term did not go to the "jurisdiction of the court to try the action"; that the court had the power to relieve the party from the consequences of that omission, and to try the case on its merits.

Judgment affirmed.