O. O. SUNDET and Another v. JOHN STEENERSON.[1]

October 18, 1897.

Nos. 10,830—(58).

**Appeal from Justice—Placing Case on Calendar.**

Under G. S. 1894, § 5072, the absolute right of an appellant from the judgment of a justice of the peace to enter his appeal for trial on the district court calendar terminates with the second day of the term, and does not continue until the respondent has exercised his right, under the last clause of the section, to have the judgment of the justice affirmed and entered against the appellant.

**Same — Relief from Default — Christian v. Dorsey, supra, page 346, Followed.**

The court has the power to relieve an appellant from his default, and to allow him to enter his appeal at a later day of the term, following Christian v. Dorsey, supra, page 346; but where such relief has been improvidently granted, the court may subsequently vacate its order, and restore the respondent to the right to enter the judgment of the justice against the appellant.

Appeal by defendant from a judgment of the district court for Polk county, Ives, J., affirming a judgment of a justice of the peace in plaintiffs' favor. Affirmed.

[1] Reported in 72 N. W. 569.

*H. Steenerson* and *W. E. Rowe*, for appellant.

*A. A. Miller*, for respondents.

MITCHELL, J.

The defendant failed to enter his appeal from justice's court on the calendar of the district court on or before the second day of the term, but at a later day, the plaintiffs not having in the meantime moved in the matter, the court, on defendant's ex parte motion, and without any showing of merits, ordered the appeal placed on the calendar for trial. At a still later day of the term, the plaintiffs, on notice to the defendant, made a motion, supported by affidavits, that this order be vacated, and that the appeal be then placed on the calendar, and the judgment of the justice affirmed and entered against the defendant, pursuant to the provisions of G. S. 1894, § 5072. The court granted plaintiffs' motion, and from the judgment entered pursuant to that order the defendant appeals.

Defendant's whole contention seems to be that, although an appellant does not enter his appeal on the calendar on or before the second day of the term, his absolute right to do so, on formal application to the court, continues until such time as the respondent exercises his right, under the last clause of section 5072, by placing the appeal on the calendar, and having the justice's judgment entered against the appellant. This is not the correct construction of the statute. An appellant's absolute right to enter his appeal on the calendar ends with the second day of the term. If he fails to enter it within that time, he is in default, from the consequences of which he can only be relieved by application to the court. The court may, in the exercise of its discretion, and for good cause shown, relieve him from his default, and allow him to still place his appeal on the calendar for trial. Christian v. Dorsey, supra, page 346. If such relief has been improvidently granted, the court has the power to vacate its order, and reinstate respondent in his right to place the case on the calendar, and have the judgment of the justice entered against the appellant. This is what the court did in the present case.

We find nothing in the record to justify the claim that the court acted on any erroneous construction of the statute, or on any supposed want of power to relieve the defendant from his default.

So far as appears (and such is the presumption) the court granted plaintiffs' motion on the ground that defendant had shown no good excuse for his default, and the record, including the affidavit used on the hearing of the motion, amply justified the court's action.

Judgment affirmed.