J. H. HINTERMEISTER v. JOHN W. BRADY and Others.[1]

December 10, 1897.

Nos. 10,740—(178).

Appeal from Probate Court—G. S. 1894, § 4671—Placing Case on Calendar—Relief by Court—Waiver by Respondent's Attorney.

G. S. 1894, § 4671, relating to appeals from probate court to the effect that, if the case is not placed on the calendar on or before the first day of the term at which the cause is noticed for trial, the appeal shall be dismissed, construed, and *held*, that the district court may, for cause shown, relieve the appellant from his default in not complying with the statute. *Held*, further, that the respondent's attorney in this case by his words and acts waived the so placing of the case on the calendar, and that the trial court erred in dismissing the appeal.

The probate court for Ramsey county admitted to probate the will of James E. Brady, deceased. Thereupon John W. Brady and others appealed from the order allowing the will to the district court for Ramsey county. In the district court the proceedings mentioned in the opinion took place. From an order of that court, Kelly, J., dismissing the appeal from the probate court, J. W. Brady and others appealed to this court. Reversed.

*F. O. Osborne* and *F. M. Catlin*, for appellants.

*Munn & Thygeson*, for respondent.

START, C. J.

Appeal from an order of the district court dismissing an appeal from an order of the probate court admitting to probate

[1] Reported in 73 N. W. 145.

the will of James E. Brady, deceased. The return of the probate court was filed in the district court on April 14, 1897, and six days thereafter the respondent's attorneys served notice that the issues would be brought on for trial at the next general term of the district court, commencing on May 3, 1897; but they did not place the case upon the calendar, and on May 22, on notice, moved the court to dismiss the appeal because the case was not placed upon the calendar on or before the first day of the term. The appellants appeared, and opposed the motion on affidavits. The motion was granted. It would seem from his memorandum that the trial judge proceeded upon the theory that the statute, as to placing the appeal upon the calendar, was mandatory. The statute is G. S. 1894, § 4671, which is in these words:

"Upon an appeal the cause may be brought on for trial before the district court by either party upon eight days' notice to the adverse party; such notice shall be served on the attorney of the opposite party if he have one; if not it shall be deposited with the clerk of the district court of the proper county for him; and the appellant shall cause the same to be entered on the calendar for trial on or before the first day of the term at which said cause is noticed for trial and if not so placed upon the calendar the appeal shall be dismissed."

The district court acquired complete jurisdiction of the subject-matter of the appeal when the return of the probate court was filed therein. G. S. 1894, § 4669. The provision of section 4671, to the effect that, if the case is not placed on the calendar on or before the first day of the term at which the cause is noticed for trial, the appeal shall be dismissed, is intended to speed the cause, and not to take away from the district court all discretion to relieve an appellant from his default in not complying with the statute, for good cause shown.

The placing of the cause on the calendar relates to the procedure in the action after the court acquires jurisdiction. The right of a respondent to have such an appeal dismissed upon the failure of the appellant to enter the cause on the calendar on the first day of the term for which the cause is noticed is prima facie absolute; but the district court, in the exercise of its discretion, may, for cause

shown, refuse to dismiss the appeal, and direct the case to be placed upon the calendar for trial. Christian v. Dorsey, 69 Minn. 346, 72 N. W. 568; Sundet v. Steenerson, 69 Minn. 351, 72 N. W. 569. Upon the undisputed facts in this case, the trial court ought to have denied the motion to dismiss the appeal in this case.

It is true, as respondent claims, that the appellants made no formal motion to be permitted to place the case on the calendar, but this is true only in a technical sense. The respondent moved to dismiss the appeal, and the appellants opposed the motion, and, by affidavits, disclosed sufficient equitable reasons why the appeal ought not to be dismissed; and it is expressly stated in one of the affidavits that it "is made to the end that the appeal may not be dismissed, but be heard and determined on the merits." This could only be done by placing it upon the calendar for trial,—a formal matter. There is no substantial conflict in the evidence supporting the conclusion that the appeal ought not to have been dismissed. It is stated in the affidavit of the appellants' attorney that he attended on the call of the calendar on the first day of the term, for the purpose of obtaining a continuance of the case, when he discovered that it had not been placed on the calendar, and thereupon called the attention of respondent's attorney to the fact, who was present in court Thereupon the appellants' attorney said to him, "We will have to let that matter go over any way, as we will not be ready for trial before the June term, on account of depositions we are going to take in the East;" in response to which respondent's attorney inquired, "Have you served notices for taking the depositions yet?" to which affiant replied, "No; we will do so in a few days,—as soon as we get the names of certain parties."

The affidavit further states that respondent's attorney made no objection to continuing the cause, but by his manner and failure to object to such continuance led the affiant to believe that it was satisfactory to him to have the case go over to the June term, and so believing he made no effort to have the case placed on the calendar. The version of the respondent's attorney as to what took place, as set forth in his affidavit, is in these words:

"This affiant was in the court room during the entire call of the

jury calendar and a part of the call of the court calendar; but, after the completion of the call of the jury calendar, F. M. Catlin came up to this affiant and said, 'I notice that you did not place the Brady appeal on the calendar;' to which this affiant replied, 'No.' Said Catlin then said, 'We would have had to let the matter go over, as we wish to take some depositions;' to which this affiant made no reply, save to inquire if they had served notice yet for the taking of such depositions, to which said Catlin replied by saying, 'No; but we will in a day or two.' Affiant further states that no suggestion or request was made by said Catlin that said matter be continued to the June term, nor was any intimation to that effect made, nor did this affiant in any way lead Catlin to believe that he would consent to a continuance of said matter to the June term. On the contrary, affiant would have opposed any such continuance."

The respondent's attorney made no denial that he did not in any manner object to the suggestion that the case go over until the June term. It is to be noted that this conversation between the attorneys took place in the court room on the call of the calendar, and after the appellants' attorney had discovered that the case was not on the calendar, and at a time when he had the absolute legal right to place the case on the calendar at any time during that day; and, further, that there is little or no dispute between the attorneys as to what then took place.

It is perfectly apparent that the appellants' attorney refrained from placing the case on the calendar and moving for a continuance by reason of what the respondent's attorney then said and failed to say. If the latter did not acquiesce in the suggestion that the case should go over until the June term, he should have then and there said so. He not only kept silent when he should have spoken, but by his question as to the taking of the depositions, and his assent by his silence to the promise in reply that the notices would be given in a day or two, he gave the appellants' attorney to understand by his words and his acts that he was satisfied to have the case take the course suggested. Having assented to this disposition of the case, he must be held to have waived the placing of the case on the calendar for the term for which he had noticed it for trial, and his right to have the appeal dismissed because it was not then placed on the calendar.

Order reversed.