## IN RE ESTATE OF TEUNIS SLINGERLAND.
## FIRST STATE BANK OF MANTORVILLE AND OTHERS v. FRED CASTNER.[1]

January 31, 1936.

No. 30,813.

*Christensen & Ronken,* for appellants.
*Edgerton, Green & Edgerton,* for respondent.

HILTON, JUSTICE.

An appeal from a judgment of the district court dismissing, because of lack of jurisdiction, an appeal from an order of the probate court.

The appellants filed a petition in probate court of Dodge county asking that the administrator of the estate of Teunis Slingerland, decedent, be removed from office. After a hearing the probate court, on June 22, 1935, made an order denying the petition. A notice of appeal and an undertaking, approved by the probate court, were served upon the attorneys for the administrator. The notice and the undertaking and proof of service thereof were filed in the probate

[1]Reported in 265 N. W. 21.

court on July 15, 1935. A proper return from the probate court was filed in the office of the clerk of the district court on July 16, 1935.

A statement of the propositions of both law and fact upon which the appellants would rely for reversal of the order of the probate court was filed with the clerk of the district court on August 16, 1935. The attorneys for the administrator refused to admit service thereof on the ground that the statement had not been filed within the time prescribed by statute. Proof of service then was made by affidavit.

On September 9, 1935, the administrator moved the district court to dismiss the appeal. On October 10, 1935, that court made a finding that the statement of the propositions of law and fact upon which the appellants were relying for reversal was not filed until 30 days after the attempted perfection of said appeal. As a conclusion of law the court held that it was "without jurisdiction on said appeal, and that the administrator, the respondent on said appeal," was entitled to a dismissal thereof. Judgment was so entered. This is an appeal from the judgment entered.

The only assignment of error is that the conclusion of law was not justified by the findings of fact. The position of the appellants is that the appeal was perfected when the notice of appeal and the undertaking had been served and filed; that the statement of the propositions of law and fact upon which the appellants were relying for reversal is not jurisdictional; that they are entitled to be relieved from their default and that the district court had the discretionary power so to do.

Section 164 of the Minnesota New Probate Code, L. 1935, c. 72, enumerates the orders of the probate court from which there may be an appeal. Section 165 has to do only with venue. Other sections provide:

"Sec. 166. Requisites.—Such appeal may be taken by any person aggrieved within thirty days after service of notice of the filing of the order, judgment, or decree appealed from, or if no such notice be served, within six months after the filing of such order, judgment, or decree. To render the appeal effective (1) the appellant shall

serve upon the adverse party or his attorney, or upon the probate judge for the adverse person who did not appear, a written notice of appeal specifying the order, judgment, or decree appealed from, file in the probate court such notice with proof of service thereof, and pay the required fee for the return, (2) the appellant * * * shall file in the probate court a bond in such amount as that court may direct. * * * The notice of the order, judgment, or decree appealed from, the notice of appeal, and bond, if required, shall be served as in civil actions in the district court."

Section 167 provides for the return to the district court, by the probate court, of a certified transcript of the order, judgment, or decree appealed from, the notice of appeal with proof of service thereof, and the bond if required. Further it is provided:

"Sec. 169. **Trial.**—Within twenty days after perfection of the appeal, the appellant shall file with the clerk of the district court, and serve upon the adverse party or his attorney a clear and concise statement of the propositions, both of law and of fact, upon which he will rely for reversal of the order, judgment, or decree appealed from; within twenty days after such service the adverse party may serve and file his answer thereto and the appellant, within twenty days thereafter, may serve and file a reply. If there be no reply, allegations of new matter in the answer shall be deemed denied. Demurrers shall not be permitted. The district court may allow or require any pleading to be amended, grant judgment on the pleadings, or, if the appellant fail to comply with the provisions hereof, dismiss the appeal."

It is the contention of the respondent that the filing of the statement of the propositions of law and of fact upon which the appellant intends to rely for reversal of the order of the probate court is jurisdictional. Section 166, *supra,* is entitled "Requisites" of an appeal. The usual meaning of that word indicates that it must have been the intention of the legislature that the appeal was perfected upon compliance with those requisites. There would have been no purpose for the use of that word as the title of the section had not that been the intention. Further, § 166 expressly states:

"To render the appeal effective" the appellant shall do certain acts. The filing of the statement of law and of fact is not one of those acts. The language used could be no plainer. The words "to render the appeal effective" must mean that the appeal is effected after the performance of those acts. This again is borne out by the circumstance that in § 169 it is stated that a clear and concise statement of the propositions, both of law and of fact, shall be filed within 20 days *after the perfection of the appeal*. It is not the filing of the statement that makes the appeal effective but rather a compliance with the "Requisites" of § 166.

This statement is in the nature of a pleading. Section 169 expressly provides for an answer thereto and permits the district court to allow the pleadings to be amended or to grant judgment thereon. Demurrers are not permitted. It is apparent that this prohibition must refer to demurrers to pleadings, for, without this section, we do not have demurrers to the evidence. See 2 Mason Minn. St. 1927, § 9322; 2 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 2740. The only conclusion that can be drawn is that the statement is a pleading. A court may in its discretion permit a party to serve or file a pleading after the time limited therefor has gone by, or relieve a party of a default. 2 Mason Minn. St. 1927, § 9283. See Hintermeister v. Brady, 70 Minn. 437, 73 N. W. 145; Christian v. Dorsey, 69 Minn. 346, 72 N. W. 568; Sundet v. Steenerson, 69 Minn. 351, 72 N. W. 569; In re Estate of Walker, 183 Minn. 325, 236 N. W. 485.

Respondent contends that even if the filing of the statement is not jurisdictional, then at least the district court has discretion in the matter and there was no abuse of that discretion. The district court does have such discretion, but the question of whether there was an abuse of it is not before us. The order of the district court expressly stated that the appeal was dismissed because the court was "without jurisdiction on said appeal." The language used is clear. It can mean only that the court was of the opinion that the filing of the statement of the propositions of law and of fact within the statutory time was jurisdictional and that there was no discretion to be exercised in the matter. It is not a case of merely

giving the wrong reason for a correct decision. See Thomas Peebles & Co. v. Sherman, 148 Minn. 282, 181 N. W. 715. It is a case of wrong interpretation of the statute which is so apt to occur whenever a new code is adopted. We are not in a position to judge what the lower court would have done had it known it could have exercised its discretionary powers.

We simply hold that the trial court should have considered the matter before it; determined, in its discretion, whether the appellants had a justifiable reason for the delay in filing the statement of propositions of law and fact upon which they were relying for reversal; and then determined whether the proffered statement was "clear and concise" as required by the statute. Under the assignment of error the points covered herein are the only ones that need be considered.

The judgment appealed from is reversed with directions to the district court to exercise the discretion vested in it in the manner it determines to be proper.

Reversed.