*Ex parte* La Farge.

*G. C. Bronson* moved for a mandamus to the judges of the C. P. of *Jefferson* county, commanding them to vacate a rule quashing an appeal, by *La Farge*, from a judgment before a justice against him, at the suit of *Fuller* & *Everts*.

No costs were actually paid to the justice, on serving the notice of appeal ; but *La Farge* directed him, in writing, to charge the costs in account against him, which the justice did ; and made an affidavit, (which was read in the C. P. on the motion to quash the appeal for this cause,) that he accepted this direction for the costs.

*J. A. Spencer*, contra, objected to the reading of the affidavit on which the present motion was founded, on the ground that it was entitled, " Sup. Court. In the matter of *John La Farge* against the judges of the court of common pleas of *Jefferson* county."

*Curia.* This is not such an entitling of the affidavit, as comes within the rule relied on, that an affidavit entitled cannot be read. It is not entitled in any cause as pending in this court.

As to the merits of the motion, however, clearly there was no payment. The writing was a mere acknowledgment that *La Farge* owed the costs ; and a request that they should be charged to him. To entitle him to an appeal, the party must comply strictly with the terms of the statute. The money must be actually paid.

Motion denied.

On motion for a mandamus, heading the affidavit, "Sup. court. In the matter of J. L. against the judges, &c." is not such an entitling as to prevent its being read.

To warrant an appeal from a justice's court, the costs must be actually paid. It is not in the power of the justice to waive the payment by charging them in account against the party.