### JOSEPH S. TRIGG VS. JOHN LARSON.

*Sec.* 150, *chap.* 59, *Comp. Stat.*, makes the payment of the costs and the fee for the return essential conditions to the jurisdiction of a justice of the peace to allow an appeal in a civil action. ·　　　。

When it appears from the return of the justice that the fee for the return has not been paid, the appeal may be dismissed.

In a civil action the party against whom a judgment is rendered in Justice's Court, is entitled to appeal without paying his own witnesses.

Plaintiff recovered judgment against the defendant, before a justice of the peace of Freeborn County. At the instance of the defendant an appeal was allowed by the justice to the District Court of said county. In the District Court a motion made by the plaintiff to dismiss such appeal, was granted. Defendant appeals to this Court.

A sufficient statement of the points presented appear in the opinion of the Court.

FRANKLIN & WAITE for Appellants.

I.—The action was dismissed under the following statute : "No appeal shall be allowed by any justice until the appellant, in addition to the above requirements, shall pay all costs which may have accrued in Justice's Court, and one dollar for his return." *Comp. Stat.*, 518, *sec.* 150.

The statute means only such costs as were taxed against the appellant for the benefit of the other party. Whether the appellant had paid his own witnesses, in no way affected the rights of the respondent. This is decided under a statute of New York that requires the appellant to pay the costs of suit. 7 *Cow.*, 507, *Exparte Bendlestone.*

II.—But if the law were otherwise, it is no cause for quashing an appeal, that a party has paid the Justice less than the real amount of costs, if a party is willing to pay all, and has in fact paid all that was demanded. 4 *Wend.*, 202, *Peo. vs. Genesee Com. Pleas.*

The entry of "appeal allowed" on his docket, which is required of the justice by our statute, but not until all requirements are complied with, (*see Comp. Stat.*, 517, *sec.* 137,) shows that the appellant paid all the costs demanded by the justice, and the amount he did pay is a good show of willingness to pay on his part.

III.—As to the dollar to be paid to the justice for his return, he may waive it if he pleases, and if he enters on his docket "appeal allowed," without the payment of this fee, he in effect does so. Should there be any doubt, however, about this, there certainly cannot be when he makes and files his return without his pay.

A justice cannot be compelled to allow an appeal nor to make a return unless his costs are fully paid, nor unless one dollar is paid for his return. But if he does make return, that fact gives the appellate Court jurisdiction, and they can even amend proceedings before the return, to make the appeal effectual. *People vs. Onandaga Com. Pleas*, 7 *Wend.*, 567; *People vs. Ransalaer Com. Pleas*, 11 *Id.*, 174.

IV.—Analagous to these principles is the decision that neither the Common Pleas nor the party have anything to do with the question as to whether the notice of appeal served on the justice is defective. 3 *Cow.*, 379, *ex parte John H. Clarke.*

The appellate Court could order the payment of more costs, if necessary or proper.

SMITH & GILMAN for Respondent.

In attempting to appeal, the requirements of the statute in that respect were not complied with so as to give the District Court jurisdiction of the case.

*Secs.* 136–7, *p.* 517, *and sec.* 150, *p.* 518, *Comp. Stat.*, prescribe what is necessary to take a case by appeal to the District Court from the judgment of a justice of the peace. The appeal must be taken within ten days; an affidavit must be filed; a recognizance must be entered into, and the costs before the justice must be paid. *Bundy vs. Dunbar*, 5 *Minn.*, 444.

The justice has no right to allow an appeal until they are complied with, and if he does allow it where the statute is not complied with, it will not give the District Court jurisdiction of the cause.

Said *section* 150 provides that "no appeal shall be allowed by any justice of the peace until the appellant shall pay all costs which may have accrued in the Justice's Court, and one dollar for the return."

*By the Court*—McMILLAN, J.—This is an appeal by the defendant from an order of the District Court dismissing an appeal from a judgment rendered in Justice's Court. The grounds on which the appeal was dismissed were—

1. That the fee of one dollar for making the return was not paid to the justice.

2. The fees of defendant's witnesses, as taxed, were not paid.

It distinctly appears from the return and amended returns of the justice that his fee for making the return was not paid, and that he did not *in fact* waive or intend to waive the payment of it.

*Sec.* 150, *chap.* 59, *Comp. Stat.*, provides that "no appeal shall be allowed by any justice of the peace until the appellant in addition to the requirements of section one hundred and twenty-three of this article [*sec.* 136, *chap.* 59, *Comp. Stat.*,] shall pay all costs which may have accrued in the Justice's Court, and one dollar for the return of the justice."

This section we think makes the payment of the costs and the fee for the return essential conditions to the jurisdiction of the justice to allow an appeal.

The facts presented in this case do not constitute payment

within the terms of the statute.    The fee for the return not having been paid, the Court below properly dismissed the appeal. *Ex parte La Farge*, 6 *Cow.*, 61; *Ex parte Stephens, Id.*, 69; *The People ex rel. Lincoln vs. Saratoga Common Pleas*, 1 *Wendell*, 282.

The second ground upon which the appeal was dismissed is not tenable.    In a civil action the fees of witnesses for a party against whom a judgment is rendered in Justice's Court are not taxable as costs under the judgment.    Such party, therefore, is entitled to appeal without paying his own witnesses. *Ex parte Beadlestone*, 7 *Cow.*, 506; 11 *Wis.*, 393.

But as the appeal was properly dismissed on the first ground stated, the order must be affirmed.