JULIUS MARSILE *vs.* MILWAUKEE & ST. PAUL RAILWAY COMPANY.

May 2, 1876.

**Justice of the Peace—Appeal.**—In taking an appeal from a justice's court, filing with the justice the original notice of appeal with proof of service thereof, within the time prescribed by statute, is a jurisdictional prerequisite to the allowance of the appeal that cannot be dispensed with nor supplied after the prescribed time.

Plaintiff recovered judgment against defendant, in a justice's court, on January 6, 1875. On January 13, 1875, the defendant served on the plaintiff a notice of appeal to the district court, on questions of law and fact, made the required affidavit as to the good faith of the appeal, and executed the proper bond. On January 16th the justice made the following entry in his docket in the case: "January 16, 1875. Affidavit duly sworn to, and approved bond duly executed, was filed with court by the defendant for an appeal. The appeal was allowed, and papers transferred to the district court in and for Wabasha county." The appeal having been placed on the calendar of the district court, and having been reached in its order, plaintiff's counsel moved that it be dismissed, on the ground (among others)

that there never was filed with the justice any proof that a notice of appeal had ever been served upon the plaintiff, his agent, or attorney. The motion was denied by *Mitchell*, J., and plaintiff excepted. The cause was thereupon tried by a jury, upon whose verdict judgment was entered for defendant, from which the plaintiff appeals.

*Lloyd Barber*, for appellant.

*Seagrave Smith*, for respondent.

CORNELL, J. Among the statutory prerequisites to the allowance of an appeal in a justice's court, not only the notice of appeal must be served upon the opposite party within ten days after the judgment, but such original notice, with proof of service thereof, must be filed with the justice who rendered the judgment within ten days after such service. Gen. St. c. 65, § 104. The fact that the statute (§ 102) especially provides that an appeal allowed by a justice shall not be dismissed by reason of an omission to comply with one of the conditions of the appeal prescribed by section 104— the execution of a proper bond—necessarily implies that the other conditions jurisdictional to its allowance cannot be dispensed with, nor can their omission be remedied or supplied after the prescribed time within which they must be complied with has expired.

The entry in the justice's docket in this case shows that the appeal was allowed by the justice upon the affidavit and bond alone. It cannot be presumed that any notice of appeal, with proof of service thereof, was filed with him prior to the allowance of the appeal, or within the required time, because the justice expressly certifies to the correctness of his docket as containing an entry of all the proceedings in the action, together with all the papers on file before him, and no mention is made of the filing of any notice of appeal and proof of service thereof. On this ground the appeal from the judgment of the justice should have been dismissed.

The judgment of the district court is reversed, with directions to dismiss the appeal taken from the judgment rendered by the justice.