BETSEY H. THOMAS, APPELLANT, v. DAVID B. THOMAS, RESPONDENT.

*Appeal from a justice's judgment — the costs and fees for his return must be paid within twenty days.*

To render an appeal to the county court from a judgment of a justices' court effectual, the respondent's costs included therein must be paid, and the justice's fees must be paid or relinquished by him within twenty days from the rendition of the judgment, and if they are not so paid the appeal will be dismissed.

APPEAL from an order of the County Court of Tioga county, denying a motion to dismiss an appeal from a judgment of a justices' court.

March 13, 1878, the plaintiff recovered a judgment against the defendant in a justices' court for $100 damages, and four dollars costs. March 18, 1878, the defendant served a notice of appeal, but neglected to pay the costs included in the judgment, and the fees of the justice for making the return until April, 10, 1878. The justice made and filed his return April 28, 1878. The plaintiff moved that the appeal be dismissed, because the costs and fees were not paid within twenty days after the rendition of the judgment. This motion was denied by the county court and the plaintiff appealed to this court.

*Easton & Watkins*, for the appellant.

*H. Bostwick*, for the respondent.

FOLLETT, J.:

To perfect an appeal from a justice's judgment to the county court under the Code, until amended in 1851, an appellant was not required to pay the costs recovered against him in a judgment, or the justices' fees for making a return. Under the Code of 1848, the appeal was heard upon affidavits, but, if contradictory or defective, the court might order a return, for which service the justice was entitled to one dollar. (§§ 310–311–324, Code 1848.)

As amended in 1849 the justice was required to make a return without an order of the court, for which service he was entitled to one dollar. (§§ 359–360–370, Code of 1849.) The payment

of this fee was not required to be made at the time of making the appeal, or within any specified time.

Under the Code of 1849 *Van Heusen* v. *Kirkpatrick* (5 How., 422) arose and was decided. But it has no application to the Code, as amended July 10, 1851. By the amendment of section 354 (Laws 1851, ch. 479, p. 901) the appellant was required to pay the costs recovered against him in the court below, and the justice's fee for making the return at the time of the service of the notice of appeal. This provision has been continued and is a part of the present section 354. Sections 353 and 354 of the Code provide that "the notice of appeal *must*" be served within twenty days. Under these sections, it has been held that the service of a notice of appeal after twenty days is ineffectual, and that the county court acquires no jurisdiction. (Cowen's Treatise [5th ed.], § 1651; *Figaniere* v. *Jackson*, 4 E. D. Smith, 484; *People* v. *Eldridge*, 7 How., 108; *Young* v. *Whitcomb*, 46 Barb., 615.) Neither does making and filing the return confer jurisdiction in such a case. (Cowen's Treatise [5th ed.], § 1651; *Figaniere* v. *Jackson, supra.*) The court is without power to extend the time within which a party may appeal. (*Wait* v. *Van Allen*, 22 N. Y., 319; *Humphrey* v. *Chamberlain*, 11 id., 274.) The language is equally imperative as to the payment of the costs included in the judgment and the justice's fee for making the return — "the appellant *must*," etc.

Undoubtedly, under section 360, the justice may waive payment of his fee for the return, for that sum belongs to him, and he may give it away if he chooses. But the costs included in the judgment belong to the respondent, and the justice cannot, by any act of his, waive or cut off the respondents right to their payment as a condition to a valid appeal.

If the justice, by making and filing his return, can render an appeal valid when the costs have not been paid within the time limited, he may, with the same reason and by the same action, render an appeal effectual though the notice be served after the expiration of the time limited. *Eldridge* v. *Underhill* (17 Hun, 241) is decisive of the question. In this case, the defendant, six days after judgment recovered, served a notice of appeal, and two days thereafter gave the usual undertaking on appeal, but neg-

lected to pay the costs included in the judgment or the fee for the return. The justice did not make a return. The plaintiff moved to dismiss the appeal. Before the motion was heard, the appellant paid the costs and justice's fees. Notwithstanding, the appeal was dismissed upon the ground that the payment within the time limited was jurisdictional. (See also *Southard* v. *Philips*, 7 Hun, 18.)

Section 327 of the Code was repealed by chapter 417, Laws of 1877, and sections 1300 and 1303, Code of Civil Procedure, stand in its stead. Section 1303 is inapplicable to appeals from justice's courts. Title 1 of chapter 12, in which the section is found, relates only to appeals provided for in that chapter, which does not embrace appeals from justices' courts. (See title 3 of chap. 12, Code of Civil Procedure, *Eldridge* v. *Underhill, supra.*)

We think the service of a notice of appeal and payment of the costs within twenty days are necessary to render an appeal to the county court effectual. Such was the rule under the Revised Statutes. (*Ex parte La Farge*, 6 Cow., 61; *Ex parte Stephens*, id., 69; *People* v. *Saratoga Com. Pleas.*, 1 Wend., 282.) After trying the effect of the removal of these restrictions for a few years, the Legislature, by the amendment to the Code of 1851, in effect restored the requirements of the Revised Statutes.

Respondents ought not to be put to the trouble and expense of motions to test the sincerity of the appeal, and enforce the right given by statute to the payment of costs as a condition of appeal.

It has been the policy of the Legislature to restrict the spirit for excessive litigation in small causes, by requiring the costs incurred to be paid and the appeal perfected within a limited time, and the courts ought not to encourage frivolous appeals by explaining away the statutory requirements.

The order of the county court is reversed, with costs, and the appeal to the county court dismissed, with costs.

LEARNED, P. J. and BOARDMAN, J., concurred.

Order of county court reversed, and appeal from the justice's court dismissed, with ten dollars costs and printing disbursements, and with ten dollars costs of motion below.