MATTHEW NEWLOVE, PLAINTIFF IN ERROR, V. F. D. WOODWARD, ADMINISTRATOR OF THE ESTATE OF G. A. WOODWARD, DECEASED, DEFENDANT IN ERROR.

1. **Summons:** SERVICE: RETURN. When the return to a summons stated that it was served upon the defendant " by *reading* to him a true and certified copy of the same, with all the indorsements thereon," *held*, insufficient to give the court jurisdiction, as the statute requires the service to be made by delivering a copy of the summons with the indorsement thereon to the defendant, or leaving the same at his usual place of residence.

2. **Practice:** APPEARANCE. A party may appear specially to object to the jurisdiction of the court for want of proper service of summons.

3. **Motion for New Trial.** Where the judgment of a justice of the peace is taken on *error* to the district court and affirmed, no motion for a new trial is necessary in that court in order to have the judgment reviewed in the supreme court, as the matters involved are purely questions of law.

4. **Petition in Error:** VERIFICATION. It is unnecessary to add a verification to a petition in error, it not being a pleading of fact within the meaning of the code.

ERROR to the district court for Nuckolls county. Tried below before WEAVER, J.

*H. W. Short*, for plaintiff in error, cited 8 Neb., 109. 3 Neb., 108. Id., 215. Code, sec. 911. 1 Nash Pl., 70.

*D. W. Barker*, for defendant in error. .

MAXWELL, CH. J.

In the year 1878 George N. Woodward commenced an action against the plaintiff in error before a justice of the peace to recover the sum of $9.12. The officer's return to the summons in that case is as follows:

"STATE OF NEBRASKA, ⎱
   Nuckolls County. ⎰

"Received this summons this 2d day of December, 1878. I hereby certify that on the 2d day of December, 1878, I served the within writ of summons on the within named Matthew Newlove, by reading to him a true and certified copy of the same with all the indorsements thereon.       L. H. PRICE."

On the return day the plaintiff in error appeared specially and objected to the jurisdiction of the court, because there had been no service of a summons upon him by a copy served upon or left at his residence. The motion was overruled for the reason as stated in the transcript, that the plaintiff in error and his attorney were present in court. Judgment was thereupon rendered against the plaintiff in error for the sum of $9.50, and costs of suit amounting to the sum of $5.40.

The plaintiff herein took the case on error to the district court, where the judgment was affirmed. He now brings the cause into this court by petition in error.

Section 911 of the code provides that "the sum-

mons must be returnable not more than twelve days from its date, and must, unless accompanied with an order of arrest, be served at least three days before the time of appearance, by delivering a copy of the summons, with the indorsement thereon (certified by the constable or person serving the same to be a true copy), to the defendant, or leaving the same at his usual place of residence." Gen. Stat., 667. A summons must be served upon a defendant in the mode provided by the statute, in order to give the court jurisdiction, unless the defendant by an appearance waive the defect. A party may appear specially to object to the jurisdiction of the court, but if by motion or otherwise he seeks to bring into action the powers of the court, except on the question of jurisdiction, he will be deemed to have appeared generally. *Porter v. The C. & N. W. R. R. Co.*, 1 Neb., 15. *Cropsey v. Wiggenhorn*, 3 Id., 116. *Crowell v. Galloway*, Id. 220.

In the case at bar the plaintiff in error restricted his objections to the failure to serve the summons as waived by the statute, and therefore did not make a general appearance in the action. The mere presence of a party and his attorney in the court room during a trial will not of itself constitute an appearance in the action. There being no lawful service of the summons, his motion to quash should have been sustained.

Upon the affirmance of the judgment in the district court the plaintiff in error filed a motion for a new trial, which was overruled. No motion for a new trial was necessary or proper in such case; the matters presented to the district court by the petition in error were purely questions of law, viz.: Did the justice err in holding the service of summons sufficient, and that the plaintiff in error had entered a general appearance in the action? But the motion being only a mode of

bringing before the court the alleged error in affirming the judgment of the justice, and being entirely unauthorized by statute, was not a general appearance in the action.

The petition in error in the district court was verified. This was unnecessary. Section 113 of the code provides that "every pleading of *fact* must be verified by the affidavit of the party, his .agent, or 'attorney." A petition in error is not a pleading of fact in the sense in which the term is used in the code, and need not be verified.

The action is defended in this court by F. D. Woodward, administrator of the estate of G. A. Woodward, deceased, although there is nothing in the record showing a revivor in his name, but no objection is made on that ground. As there was no legal service of summons, and there has been no general appearance of the defendant in the court below in the action, the judgment of the district court is reversed, and also the judgment of the justice of the peace, and the cause dismissed.

JUDGMENT. ACCORDINGLY.