(Opinion published 51 N. W. Rep. 1102.)

---

E. M. STOLT *vs.* CHICAGO, MILWAUKEE & ST. PAUL RY. CO.

Submitted on briefs April 5, 1892. Decided April 25, 1892.

**Proof of Service of Notice of Appeal from Justice Court.**—The proof, filed with a justice of the peace, of the service of a notice of appeal from a judgment rendered by such justice, is of no effect if it shows only a delivery of the notice to the *wife* of the person upon whom service should be made, without showing that such substituted service was "at the residence" of such person.

**Same—Not Amendable after Ten Days.**—The filing of proof of a legally effectual service of the notice of appeal is jurisdictional, and a failure to comply with the statute cannot be cured by amendment after the time to appeal has expired.

Appeal by defendant, Chicago, Milwaukee & St. Paul Railway Co., from an order of the District Court of Traverse County, *C. L. Brown,* J., made July 2, 1891, dismissing its appeal from a judgment rendered against it in Justice Court.

E. M. Stolt, plaintiff, recovered a judgment in Justice Court December 18, 1890, against the Railway Company. On December 27, 1890, F. W. Root served notice of appeal on Mrs. Bertha Bohmbach, the wife of J. Bohmbach, Jr., the attorney who appeared for Stolt on the trial in the Justice Court. Root made affidavit of this service, and filed it that day with the Justice, but did not state therein that the service was made at the residence of the attorney. When the action was moved for trial in the District Court the plaintiff moved the court to dismiss the appeal for defect in this affidavit of service. The defendant asked leave to amend the proof of service by filing another affidavit that the service of the notice of appeal was in fact made at the residence of plaintiff's attorney by leaving it with

v.49M.—23

his wife, his office being locked, and he absent from the town.    The court refused to allow the amendment of proof of service, and entered an order dismissing the appeal.    Defendant then appealed to this court.

*W. H. Norris* and *F. W. Root*, for appellant.

It is the existence of the facts, and not the proof of those facts, that confers jurisdiction.    Under our statute of amendments such a defect, even when occurring in an affidavit which is jurisdictional, can be remedied.    *Hinkley* v. *St. Anthony Falls Water-Power Co.*, 9 Minn. 55, (Gil. 44;) *Blake* v. *Sherman*, 12 Minn. 420, (Gil. 305.)

The irregularity in the affidavit of service did not in any manner affect the substantial rights of the respondent; he was not misled by it; he was not put to any inconvenience, or compelled to act differently from what he would have done had no error been committed.    *Perri* v. *Beaumont*, 88 Cal. 108; *Kasson* v. *Estate of Brocker*, 47 Wis. 79; *Doty* v. *Colton*, 90 Ill. 453.

The affidavit states that the copy of notice of appeal was handed to and left with the wife of the attorney at the village of Wheaton, and that his office was at the village of Wheaton, and that he had just left the village of Wheaton.    This comes very near to stating sufficient for the court to presume that his residence was at the village of Wheaton, and that his wife lived with him.    *Toner* v. *Advance Thresher Co.*, 45 Minn. 293.

*J. Bohmbach*, for respondent.

The filing with the justice of the original notice of appeal, with proof of service thereof, within the time prescribed by statute, is peremptory, and a jurisdictional prerequisite that cannot be dispensed with, nor supplied after the prescribed time.    *Cremer* v. *Hartmann*, 34 Minn. 97; *Marsile* v. *Milwaukee & St. P. Ry. Co.*, 23 Minn. 4:

PER CURIAM.    The affidavit of the service of notice of appeal which was filed with the justice of the peace was insufficient to show a service which can be recognized as having any legal effect.    The statute 1878 G. S. ch. 65, § 114, allows service to be made otherwise than per-

sonally, by leaving a copy of the notice "at the residence" of the person to be served. The affidavit of service in question shows that a copy of the notice was delivered to the wife of the person upon whom service was sought to be made, but it does not show that this was at the residence of such person. The justice having allowed the appeal, it was dismissed in the district court, a motion for leave to amend the proof of service having been refused.

The rulings of the district court were in accordance with the construction which has always been put upon our statute regulating appeals from justice's court. Effect has been given to the statute according to its somewhat strict terms. What are there prescribed as requisites, without compliance with which "no appeal shall be allowed," have been regarded as jurisdictional proceedings, and, unless complied with, no appeal is effected, and the district court acquires no jurisdiction. It was so held as to the filing of the prescribed affidavit,—*McFarland* v. *Butler,* 11 Minn. 72, (Gil. 42;) *Knight* v. *Elliott,* 22 Minn. 551;—as to the payment of the justice's fees,—*Trigg* v. *Larson,* 10 Minn. 220, (Gil. 175;)—and as to the service of a notice of appeal, and the filing of the same, with proof of service, with the justice of the peace,—*Larrabee* v. *Morrison,* 15 Minn. 196, (Gil. 151;) *Pettingill* v. *Donnelly,* 27 Minn. 332, (7 N. W. Rep. 360;) *Marsile* v. *Milwaukee & St. P. Ry. Co.,* 23 Minn. 4; *Cremer* v. *Hartmann,* 34 Minn. 97, (24 N. W. Rep. 341.) The statute makes the filing of proof of service of the notice of appeal as essential as any other of the prescribed requisites. The justice is authorized to allow the appeal only "upon compliance with the foregoing provisions." 1878 G. S. ch. 65, § 115. If an appeal is not perfected within the time prescribed, it cannot be done afterwards by amendment of such proceedings. See *Pettingill* v. *Donnelly, Knight* v. *Elliott,* and *Cremer* v. *Hartmann, supra.* The provisions in chapter sixty-six (66) of the statute, relating to the power of the district court to allow amendments, has never been regarded as applicable to qualify the strict jurisdictional requirements above referred to. Until an appeal has been effected, the district court has no jurisdiction in the matter.

Order affirmed.

(Opinion published 51 N. W. Rep. 1103.)