FRANK F. GRAHAM v. WILLIAM S. CONRAD.[1]

December 17, 1896.

Nos. 10,327—(224).

**Notice of Appeal—Service.**

Proof of service of a notice of appeal from a judgment rendered in justice's court upon "Empey and Empey, the attorneys for the plaintiff," is not proof of service of such notice upon "E. E. Empey," who, according to the record, was the only attorney appearing in justice's court for plaintiff.

**Same.**

Proof of service of such a notice cannot be amended, so as to show due service, after the expiration of the ten days within which such proof must be filed with the justice.

[1] Reported in 69 N. W. 334.

Appeal by defendant from a judgment of the district court for Ramsey county, dismissing an appeal from and affirming the judgment of a justice of the peace in favor of plaintiff, after an order, Brill, J., discharging an order to show cause why an order dismissing the appeal should not be vacated and the return of proof of service of the notice of appeal should not be amended. Affirmed.

*E. Benton Olmsted*, for appellant.

*Ferdinand Barta*, for respondent.

COLLINS, J. From a judgment rendered against him in justice's court, defendant appealed to the district court. From the return of the justice it appeared that at the trial plaintiff's appearance was personal and by E. E. Empey, his attorney, and under the provisions of G. S. 1894, § 5068, subd. 3, it was necessary that the notice of appeal should have been served upon plaintiff or the attorney who made the appearance. The statute also requires that the original notice of appeal, with proof of service, must be filed with the justice within ten days after service is made. These are jurisdictional prerequisites to the allowance of the appeal, and the proof of service cannot be amended after the time prescribed for the filing of the notice with such proof. In this case the only proof of service filed with the justice or returned to the district court showed that service of the notice of appeal had been made upon "Messrs. Empey & Empey, the attorneys for the plaintiff." In the district court plaintiff's attorney appeared specially, and moved to dismiss the appeal on the ground that no notice of appeal had been served, and no proof of service had been filed with the justice, as required by law. The court granted the motion, and, in accordance with the provisions of Laws 1895, c. 24, affirmed the judgment of the justice. The defendant's counsel then moved the court upon affidavits to vacate the order of dismissal, and for judgment on the ground that E. E. Empey, who appeared as attorney for plaintiff in justice's court, was a member of the law firm of Empey & Empey, on whom service had been made, and for leave to amend the proof of service so as to show this fact. The motion was denied, judgment was entered for plaintiff, and defendant appeals from the judgment.

It must be affirmed. Service of the notice of appeal upon Empey & Empey was not, upon the face of the proof, service upon E. E.

Empey, and it was the latter who appeared as attorney for the plaintiff in justice's court. Nor could the proof of service be amended, so as to show the fact of due service, after the expiration of the ten days in which such proof could be filed with the justice. See, Marsile v. Milwaukee & St. P. R. Co., 23 Minn. 4; Cremer v. Hartmann, 34 Minn. 97, 24 N. W. 341; Stolt v. Chicago, M. & St. P. R. Co., 49 Minn. 353, 51 N. W. 1103.

Judgment affirmed.