MARY E. THOMAS, Petitioner, *vs.* EDMUND W. THOMAS, Executor.

Knox.    Opinion November 30, 1903.

*Costs,* Persons entitled.  *Parties.    Practice.    R. S. (1883),* c. *82,* §§ *117, 124, 130.*

1.  The court has power to admit a defendant in an action at law to appear and file within the first two days of the return term a motion to dismiss the action for want of sufficient service of the writ, even though he declares and notes upon the docket that he appears for that purpose only and for no other purpose.

2.  A defendant so appearing and filing such a motion to dismiss becomes thereby a party to the action, and if his motion be sustained and the action dismissed, he is the "prevailing party" and is entitled to costs by force of the statute R. S. (1883), c. 82, § 130.

3.  While the decision in a case at law is the act of the court, the judgment following the decision is the act of the law; and the clerk of the court should record the full consequent judgment of the law as well as the decision of the court.  When a party is entitled by law to costs as a consequence of a decision of the court, the record should show a judgment for costs.

4.  If the clerk of the court omits to record a judgment for costs in such a case, the court has power at any time (certainly upon notice and hearing and in some cases without either), to cause the omission to be supplied and a full proper record made showing a judgment for costs.

*Thomas* v. *Thomas,* 96 Maine, 223.

Exceptions by plaintiff.    Sustained.

Petition for amendment of record in the action reported in 96 Maine, 223, and for costs.

At the December term, 1902, the said Mary E. Thomas, by her counsel, filed a petition asking for a correction of the record of the clerk in that case by including therein a judgment in her favor for costs in the case commenced by Edmund W. Thomas as aforesaid against her.    At the April term, 1903, the matter was heard by the presiding justice who ruled as a matter of law that in the case of Edmund W. Thomas, executor, vs. Mary E. Thomas, which was entered as aforesaid at the September term 1901 of this court, and in which no sufficient service was made upon the writ, that the said

Mary E. Thomas, was not a prevailing party within the meaning of the statute, and was not a party to said action, because of the fact that no service of any kind had ever been made upon her, and thereupon denied said petition. To which ruling and denial of said petition the petitioner duly excepted.

The petition and the opinion of the court in *Thomas* v. *Thomas,* 96 Maine, 223, were made a part of this bill, and all facts stated in said opinion considered as if set out as facts in this bill of exceptions.

*C. E. and A. S. Littlefield,* for petitioner.

*D. N. Mortland,* for respondent.

It is plain that Mary never became a party to the action and has no more legal interest in the record than an entire stranger who is not named. Can a person who is not a party to an action, by petition legally ask the court to have the record, in a named case in which he is not a party, amended? Surely not. The record in the case named in the petition is extended and completed. There is no error in it so far as anything that ever took place in court, or appears by any minutes or papers on file. The petitioner in her petition says, that the record "although setting forth the various proceedings in said action, is erroneous and incomplete, in that it does not record a judgment for defendant for costs." I submit, how can that be so? If the record, as the petition states, set "forth the various proceedings in said action" and there were a special judgment or one by force of law for costs, would not the proceeding, minutes and papers on file have shown it? If there were none such was not the record perfect and complete? Can such record now, on petition, be enlarged and new matter inserted aliunde, or entirely outside of the original record by reason of some existing fact, which would call for a new adjudication and a new and enlarged record?

The petitioner asks in substance, not for an amendment but for an addition, upon a new adjudication, and after it has gone off the docket and the record has been extended. We contend there is no law that authorizes such a procedure except it may be a writ of error or on a petition for review. In this case the record has been extended as provided by R. S. (1883), ch. 79, §§ 11 and 12. If it is

correct and is a true recital of the proceedings, it cannot now be amended, enlarged or extended.

"Every entry is a statement of the act of the court, and must be presumed to be made by its dictation, either by a particular order for that entry, or by a general order, and recognized practice which presupposes such an order." *Reed* v. *Sutton,* 2 Cush. 115; *Willard* v. *Whitney,* 49 Maine, 235.

Revised Statutes (1883), c. 82, § 117, provides that "in all actions the prevailing party recovers costs unless otherwise specially provided." Now if one is a prevailing party in an action, he is entitled to costs by force of statute law without any judgment or decree to that effect. But in order to be a prevailing party he must first become a party to the action and subject himself to the jurisdiction of the court. A person cannot, I say, be a prevailing party unless he is a party. This petitioner is not now, and never was a party to that suit, and never subjected herself to the jurisdiction of the court. In *Pomroy* v. *Cates,* 81 Maine, 377, and cases cited therein, the adverse party appeared and became subject to the jurisdiction of the court. Counsel also cited and commented on *Ames* v. *Winsor,* 19 Pick. 247; *Mudgett* v. *Emery,* 38 Maine, 255; *Jones* v. *Sutherland,* 73 Maine, 157.

Costs cannot be allowed and taxed at this time under this process. R. S. (1883), c. 82, § 136; Stat. 1885, c. 362. By failing to appeal from the clerk's taxation, she waived all rights.

SITTING: EMERY, WHITEHOUSE, STROUT, SAVAGE, PEABODY, JJ.

EMERY, J. Edmund Thomas, Ex'r, sued out from the court in Knox County an original writ of attachment in an action at law against Mary E. Thomas. In the writ she was described as "of Philadelphia, in the State of Pennsylvania, and now commorant in South Thomaston in the County of Knox." Upon this writ the officer made return that he had "attached a chip, &c." and "summoned the said defendant by leaving at her last and usual place of abode a summons for her appearance at court." This writ was

entered at the return term in Knox County, and on the first day of the term counsel for her filed in the action a motion to dismiss it for want of legal or sufficient service. He specified, however, that he appeared in the action only for the purpose of moving to dismiss the action for want of due service of the writ and for no other purpose. No appearance was ever formally entered for any other purpose. The court, however, heard her counsel on the motion to dismiss, and sustained it and dismissed the action. The plaintiff thereupon carried the matter to the law court upon exceptions, where both sides were again heard and the ruling below sustained. *Thomas* v. *Thomas*, 96 Maine, 223. This decision, of course, dismissed and finally disposed of that action in favor of the defendant.

I. In the present proceeding the first question is whether the defendant in that action, thus dismissed after hearing on her motion, became thereby entitled to costs as "the prevailing party," under R. S. (1883), c. 82, §§ 117, 124. It is contended that she was not a "party" at all within the meaning of that term, because she had not been legally served with process, and had not appeared to answer to it. This is equivalent to contending that her declaration (or that of her counsel) that she appeared only to move to dismiss and for no other purpose, barred her from having any standing in court as a party.

We do not think the contention can be sustained. Whatever she or her counsel stated by way of qualification or limitation of her appearance, she did appear in the court and in the action, and was allowed to file a motion in the case and was heard upon it, and the motion was sustained. It has long been the practice in this State to recognize an appearance for such a purpose and to hear and determine the question presented, even though the defendant declares that he appears for that purpose only. It certainly is within the court's power to do so. It is for the interest of the court, as well of the litigants, to have the question of the sufficiency of an attempted service determined in limine. It has been expressly held in some jurisdictions that such was the defendant's right, of which he was not deprived by any attempted limitation of the purposes of his appearance. *National Furnace Co.* v. *Moline Malleable Iron Works*, 18

Fed. Rep. 86; *Lung Chung* v. *Northern Pac. Ry. Co.*, 19 Fed. Rep. 254; *Lyman* v. *Milton*, 44 Cal. 630; *Newton* v. *Woodard*, 9 Neb. 502. We are not aware that the right has ever been questioned in this State though often claimed and admitted.

But this question of right is not necessarily involved here. Whether the court could lawfully have refused to recognize and to entertain her motion until she appeared generally without limitation as to purpose, need not be decided here. Nor is it necessary to decide here whether her attempted limitation of her appearance was of any avail; whether having appeared for any purpose she did not subject herself to the jurisdiction of the court for all purposes. In this case the court, as it had the power to do, did recognize her, did entertain her motion, and heard her upon it without objection, and rendered judgment. If, at the time of this hearing and judgment, the defendant was not a "party" in the action what was she? Why did the court hear her at all if she was not a party to the action? Why did the law court hear her? Was either hearing ex parte? Was there only one party to all these proceedings and that one the party resisting them? It seems clear to us that after the defendant's appearance had been recognized as sufficient to allow her to file her motion and the motion was allowed to be filed, there were then two parties before the court, and those the parties to the action, the plaintiff and defendant. The defendant, by her motion allowed to be filed, tendered an issue in law; that issue was joined and there was a trial of it to the court, and a judgment rendered upon it, which judgment was a final judgment in the action itself. This issue, trial and judgment were necessarily between two parties, the plaintiff and defendant in the action. *Pomroy* v. *Cates*, 81 Maine, 377, 379.

It was suggested at the argument of this present issue that the defendant should be regarded as having appeared as amicus curiae only. But she did not appear as amicus curiae, nor did her counsel. She appeared as defendant, was recognized as defendant, was allowed to file her motion as defendant, and was heard as defendant. The court had the power to recognize and hear her as defendant. The counsel appeared for her and moved on her part, as it was held in *Skillman* v. *Coolbaugh*, 9 N. J. L. 246, he was limited to do, if he

would move at all. Had her motion been overruled and she had excepted as "a party aggrieved," would not the law court have entertained her exceptions?

We think it clear the defendant was a party, that she prevailed, and that the judgment of dismissal in her favor carried costs by force of the statute. We find no cases in this State in conflict with this view. In *Tibbetts* v. *Shaw*, 19 Maine, 204, it was held that the writ itself was void for want of the court seal. The question of costs was not presented and the remark about it was mere dictum. *Hodge* v. *Swasey*, 30 Maine, 162, was a complaint for costs in an action not entered and in which no service was attempted to be made upon the defendant. Cases about costs in petitions for partition are not applicable since a petition for partition is not an action within the purview of the statute cited. *Counce, Petr.,* v. *Persons Unknown,* 76 Maine, 548. In *Mudgett* v. *Emery*, 38 Maine, 255, the decision was simply that the party claiming costs had not prevailed in the action. In *Jones* v. *Sutherland,* 73 Maine, 157, the writ did not contain the name of the plaintiff. There was no plaintiff against whom a judgment could be rendered. *Steward* v. *Walker,* 58 Maine, 279, was a trustee process. No notice of any kind was attempted to be given the principal defendant. He did not assume to appear till several terms after the return term. It was held that he was too late to tender a motion to dismiss. In the opinion the court said: "If called in by a defective notice, he (the defendant) might maintain such dilatory plea as the facts would authorize." In the case at bar the defendant was called in by a defective notice and appeared and filed her motion to dismiss within the time limited for dilatory motions or pleas.

II. Having thus held that the defendant in the action *Thomas* v. *Thomas*, 96 Maine, 223, was the prevailing party in the disposition of that action, it follows that the judgment in that case was also that she recover her legal costs, though no mention of costs was made by the presiding justice who dismissed the action, nor by the law court which overruled the exceptions to that dismissal. The law ex proprio vigore added the recovery of costs to the decision of the court without

any further action by the justices of the court. What the law thus annexed was a part of the full judgment of the law consequent upon the decision by the court, and was to be recorded as the judgment. It was the duty of the clerk in recording the decision of the court to record the action of the statute.

In this case, however, the clerk in recording the judgment after receiving the certificate of the decision of the law court, omitted all mention of any judgment or order as to costs. The defendant seasonably filed her taxation of costs and asked to have them passed upon by the clerk and execution issued, but the clerk refused to consider the application, or issue execution, on the ground there was no judgment for costs.

The record as made up by the clerk does not show any such judgment, and hence the defendant in her petition now before us asks the court to have the record corrected so as to show a judgment for costs as well as for dismissal of the action.

The plaintiff, the respondent here, insists that this cannot be done on motion or petition, even after notice and hearing, but only by writ of error or petition for review. If the error or omission were one made by the court itself then the respondent's contention would have foundation. In this case, however, the error or omission was not that of the court but that of the clerk, a ministerial officer. He did not make up and record the full judgment really rendered. The record he made does not express the actual judgment in full. The court has ample power to correct erroneous or incomplete records to make them exhibit accurately and fully the judgments rendered; certainly upon motion, notice and hearing, and often of its own motion without either. *Lewis* v. *Ross*, 37 Maine, 230, 59 Am. Dec. 49; *Willard* v. *Whitney*, 49 Maine, 235; *Rockland Water Co.* v. *Pillsbury*, 60 Maine, 425; *Balch* v. *Shaw*, 7 Cush. 282; *Frink* v. *Frink*, 43 N. H. 508, 80 Am. Dec. 189, 82 Am. Dec. 172.

The presiding justice having ruled as matter of law that this petition could not be sustained on the facts stated, the decision must be,

*Exceptions sustained,*