CHARLES N. TREAT v. COURT MINNESOTA, NO. 17, UNITED ORDER OF FORESTERS.[1]

November 12, 1909.

Nos. 16,277—(93).

**Appeal from Justice of the Peace.**

Section 3982, R. L. 1905, is mandatory, not directory. Compliance with its provisions is jurisdictional.

**Same — Service of Notice.**

The municipal court of St. Paul properly dismissed an appeal in which service of the notice of appeal was admitted by an attorney at law who had not acted nor appeared for the party on trial and whose authority or agency was not shown.

**Same.**

Attempted service on an opposite party, which does not purport to show that the notice was served personally or by leaving a copy at the residence, does not avail.

In an action in justice court to recover $20.35 for services as treasurer of defendant, judgment was rendered in favor of plaintiff for $29.65, and an appeal was taken to the municipal court of St. Paul. At the trial plaintiff appeared specially and moved to dismiss the appeal on the ground that the notice of appeal was fatally defective. The court, Hanft, J., granted the motion and dismissed the appeal. From the judgment dismissing the appeal and affirming the judgment of the justice which included statutory costs of motion at $10, defendant appealed. Affirmed.

*O. H. Comfort,* for appellant.

*Chas. S. Hoff* and *James Cormican,* for respondent.

[1]Reported in 123 N. W. 62.

JAGGARD, J.

A justice of the peace gave plaintiff judgment against defendant in a named sum. In proceedings to appeal to the municipal court the notice of grounds of appeal was addressed "to the above-named plaintiff and to C. S. Hoff, Esq., his attorney." Due service of that notice was admitted by James Cormican, attorney for plaintiff. Defendant's counsel also made affidavit of service on the plaintiff and his attorney, C. S. Hoff, Esq., by leaving a copy in a conspicuous place in the office of C. S. Hoff, his attorney, said attorney being then and there absent from his office, which was open, and that he, said defendant's attorney, knew the person so served to be the same person who was the attorney for said plaintiff, and tried said action on the part of said plaintiff in said justice court. Subsequently an attorney for the defendant prepared a notice of trial, which was addressed "to the above-named plaintiff and to C. S. Hoff, Esq., his attorney." On motion the appeal was dismissed, and the judgment of the justice of the peace was affirmed. Thereupon appeal was taken to this court.

Defendant argues that the motion to dismiss was decided on grounds not stated, intended, or made. On the face of the order, the basis of the motion was that the notice of appeal was fatally defective. The reason assigned by the court's memorandum for the order was that there was no proper proof of service. The inconsistency does not establish that the whole order is invalid. Section 3982, R. L. 1905, provides that "no appeal shall be allowed unless the following requisites are complied with within ten days after judgment is rendered: * * * The party appealing shall serve a notice upon the opposite party, his agent or attorney who appeared for him on the trial, specifying the ground of appeal. * * * Such notice shall be served by delivering a copy thereof to the person upon whom service is made, or by leaving a copy at his residence; and the original notice, with proof of service thereof, shall be filed with the justice who rendered the judgment appealed from, within ten days after such service is made." Unless these facts appeared, the court was without jurisdiction. The statute is peremptory. It is mandatory not directory. Compliance with its provisions is jurisdictional, and,

where it appears no appeal has been effected, the municipal court acquires no jurisdiction. Cremer v. Hartmann, 34 Minn. 97, 24 N. W. 341; Stolt v. Chicago, M. & St. P. Ry. Co., 49 Minn. 353, 51 N. W. 1103.

The parties by special appearance as in this case, or otherwise, are not permitted to waive conformity with the jurisdictional prerequisites prescribed by statute. Accordingly much in the order of the municipal court must be regarded as surplusage. That order sufficed to dismiss the appeal. In so far, we think, it must be sustained. For clearly the notice was not served in accordance with the statute. The attempted service on Hoff did not avail, because the proof did not purport to show that it was served on him personally, nor by leaving a copy at his residence. The admission of service by Cormican is insignificant, because he is a stranger to the record. As the defendant contends, a notice of appeal from a judgment in a justice court may be signed by an attorney as such, although neither the defendant nor the attorney appeared in the justice court. Conrad v. Swanke, 80 Minn. 438, 83 N. W. 383. It is also true that the statute provides the manner for challenging an attorney's authority. Section 2284, R. L. 1905. But with respect to the party upon whom the notice of appeal is to be served, the statute requires in so many words that he must be the agent or attorney who appeared for the opposite party on trial. It is settled that "proof of service of a notice of appeal from the judgment of a justice of the peace, by the admission of an agent who did not act or appear for the party on the trial, and whose authority or agency [as here] is not shown" is insufficient. Cremer v. Hartmann, supra. Hoff did appear, but was not served. Cormican did not appear for the opposite party, either as agent or attorney. Section 2284, R. L. 1905, therefore, did not apply. This order of the trial court must be sustained.

Objection is made to the taxation by the clerk of $10 costs of motion. Defendant insists that no more than $5 was properly taxable. Section 36 of the Municipal Court Act (Sp. Laws 1889, p. 1002, c. 351), after some enactments pertaining to costs "allowed to the prevailing party in actions commenced in said court," provides generally that costs may be allowed on motion or demurrer, in the

discretion of the judge, not exceeding $10, and that costs shall be allowed in all cases to the prevailing party as in the district court. By section 28 "all laws applicable to appeals to the district court are made applicable to this court." Under these provisions we think the trial judge did not abuse his discretion. He had the power to affirm the judgment on dismissal. Section 3991, R. L. 1905. Under such circumstances $10 were properly taxed. Closen v. Allen, 29 Minn. 86, 12 N. W. 146. Section 4338, R. L. 1905, obviously applies only to actions commenced in the district court.

Affirmed.