## SUSANNA SPITZHAK v. JOHN REGENIK, and Another.[1]

July 11, 1913.

Nos. 18,032—(171).

**Justice court — service of notice of appeal.**

 1. Under Revised Laws 1905, § 3982, a notice of appeal from justice court must be served personally or by leaving a copy at the residence of the person served. Leaving a copy at the office of such person is not sufficient.

**Jurisdiction of district court upon such appeal.**

 2. The proper service of a notice of appeal and the filing of proper proof thereof are essential to the jurisdiction of the district court.

**Same — waiver of defects.**

 3. In an action of which the district court has original jurisdiction, defects in the proceedings to perfect an appeal may be waived by a general appearance of the respondent in district court.

**General appearance.**

 4. Presence in court at a general term call of the calendar when the case is set for trial, without either participation or objection, does not constitute a general appearance.

Susanna Spitzhak appealed from a judgment in justice court to the district court for Stearns county. When the case was called for trial, defendants moved for a dismissal of the appeal and the motion was denied. The case was then tried before Nye, J., who made findings of fact and ordered judgment in favor of plaintiff or, in case possession of the personal property could not be obtained, judgment in the sum of $25. From the judgment entered pursuant to the order for judgment, defendants appealed. Reversed.

[1] Reported in 142 N. W. 709.

*J. D. Sullivan* and *J. B. Pattison,* for appellant.
*Bruener & Ahles* and *M. J. Daly,* for respondent.

HALLAM, J.

This is an action in replevin, commenced in justice court. The justice found for the defendants. Plaintiff prepared a notice of appeal to the district court in regular form. In the record is an affidavit of one Ahles that "he served the within notice of appeal upon J. D. Sullivan, attorney for defendants herein, by delivering to and leaving at his office a true and correct copy thereof."

1. This service was not sufficient. The statute provides that "the party appealing shall serve a notice upon the opposite party, his agent or attorney," and that "such notice shall be served by delivering a copy thereof to the person upon whom service is made, or by leaving a copy at his residence." R. L. 1905, § 3982. The leaving of a copy *at the office* of the person served is palpably not a compliance with this statute.

2. The proper service of a notice of appeal and the filing of proper proof thereof are essential to the jurisdiction of the district court and jurisdiction was not conferred upon the district court by this appeal. Stolt v. Chicago, M. & St. P. Ry. Co. 49 Minn. 353, 51 N. W. 1103, Treat v. United Order of Foresters, 109 Minn. 110, 123 N. W. 62.

3. We entertain no doubt that, in a case of this sort, any of the steps necessary to perfect an appeal may be waived by a general appearance of the respondent in district court. The question of jurisdiction relates solely to jurisdiction over the person and not to jurisdiction over the subject-matter. The subject-matter of the action is a few turkeys of the value of $25 and the action is replevin. The district court has ample jurisdiction to entertain a cause involving this subject-matter and to entertain this form of action. It possessed both original and appellate jurisdiction as to such matters. All that was necessary was that the parties be properly before it. The parties could be brought before it, either by a summons in an action commenced in district court, or by a regular appeal from a justice court which possessed jurisdiction. If the summons is not served in such

manner as to give the court jurisdiction, a general appearance waives such defect and confers jurisdiction. If the proceedings upon appeal are defective, and insufficient to confer jurisdiction, here also jurisdiction is conferred by a general appearance of the respondent. Wrolson v. Anderson, 53 Minn. 508, 55 N. W. 597; see also Johnson v. Hagberg, 48 Minn. 221, 50 N. W. 1037; Oltman v. Yost, 62 Minn. 261, 64 N. W. 564; McCubrey v. Lankis, 74 Minn. 302, 77 N. W. 144.

4. The trouble with this case is that the record does not show any general appearance. The findings of fact and the judgment contain the following recital: "The * * * cause having been placed upon the calendar by the plaintiff on the first day of the general December, 1912, term of said district court, being on the second day of December, 1912, and the said cause having thereafter on the said second day of December, 1912, in the presence of the attorneys for both parties and without objection been set for trial before a jury on the 9th day of December, 1912 * * * ." These are the only facts relied upon to confer jurisdiction. We hold them insufficient for that purpose. It cannot be held that jurisdiction is conferred on the court by the mere presence of the attorneys at a general term call of the calendar. Presence in court without either participation in or objection to its proceedings does not, under such circumstances, constitute an appearance of any sort, and does not constitute a waiver of jurisdictional defects in the proceedings to perfect the appeal. Crary v. Barber, 1 Colo. 172; Bentz v. Eubanks, 32 Kan. 321, 4 Pac. 269; Iowa v. Chase, 118 Iowa, 51, 91 N. W. 807; Newlove v. Woodward, 9 Neb. 502, 4 N. W. 237.

Judgment reversed.