FRANK SANTALA v. HJALMAR HILL.[1]

July 18, 1919.

No. 21,259.

**Appeal dismissed — service of notice of appeal defective.**

The appeal from the municipal court to the district court was rightly dismissed because the proof of service of the notice of appeal failed to show a valid service of that notice.

From a judgment of the municipal court of the village of Gilbert in

[1] Reported in 173 N. W. 651.

143—M. 19

favor of plaintiff, defendant appealed to the district court for St. Louis county. The appeal was heard by Freeman, J., who granted plaintiff's motion to dismiss the appeal. From the order granting plaintiff's motion to dismiss the appeal, defendant appealed. Affirmed.

*Luke F. Burns* and *J. H. Peregrine,* for appellant.

*R. E. Anderson,* for respondent.

TAYLOR, C.

Defendant attempted to take an appeal to the district court from a judgment rendered against him by the municipal court of the village of Gilbert. The district court dismissed the appeal on the ground that defendant had failed to make personal service of the notice of appeal as required by the statute. Whether this ruling was correct is the only question presented.

The judgment was entered on August 2, 1918. A notice of appeal dated August 2, 1918, and bearing the following indorsement:

"Service of the within notice of appeal by mailing admitted at Virginia this 2nd day of August, A. D. 1918.

"R. E. Anderson,
"Attorney for plaintiff"

was filed in the office of the clerk of the district court on August 9, 1918. This is all that the record shows in respect to the service of the notice. It is admitted in the briefs, however, that the notice was mailed from Virginia to plaintiff's attorney at Gilbert, that it was placed in his post office box at Gilbert and came into his possession with his other mail, and that he returned the original notice to defendant's attorney with the above admission of service indorsed thereon. Defendant concedes that service by mail was unauthorized and of no effect, but contends that the actual receipt of the notice in the manner stated should be considered as personal service.

Appeals from such municipal courts are governed by, the same laws which provide for appeals from justices' courts. G. S. 1913, § 280. To be effective the notice of appeal with proof of service must be filed within the prescribed time, and the proof filed must show a valid service and cannot be amended after the expiration of the statutory time for filing it. Cremer v. Hartmann, 34 Minn. 97, 24 N. W. 341; Stolt v. Chicago, M.

& St. P. Ry. Co. 49 Minn. 353, 51 N. W. 1103; Graham v. Conrad, 66 Minn. 471, 69 N. W. 334; Spitzhak v. Regenik, 122 Minn. 352, 142 N. W. 709. It follows that unless the admission of service indorsed on the notice of appeal shows a valid service of that notice, that appeal was rightly dismissed. The admission admits service "by mailing." It does not purport to admit personal service. It does not necessarily show that the notice mailed was ever received, and cannot be aided by the subsequent admissions.

Order affirmed.

HALLAM, J. (dissenting).