## FARMERS STATE BANK OF OLIVIA v. JULIUS RIEBE. FARMERS STATE BANK OF LeSUEUR, GARNISHEE.[1]

October 31, 1924.

No. 24,216.

**Special appearance of defendant not too late.**
　　A special appearance for defendant at the garnishee's disclosure, under the circumstances of the case, *held* not to have been too late.

Defendant in an action in the district court for Renville county, having appeared specially at the garnishee disclosure, moved to dis-

[1]Reported in 200 N. W. 468.

miss the garnishment proceedings and to discharge the garnishee. From an order, Baker, J., dismissing the proceedings and discharging the garnishee, plaintiff appealed.   Affirmed.

*Lindquist & Nordstrom,* for appellant.

*L. J. Lauerman,* for respondent.

STONE, J.

The brief facts controlling the decision of this appeal from an order discharging a garnishee are as follows:   No notice of the service of the garnishee summons upon the garnishee was served upon defendant.   Through somebody's oversight, when a copy of the garnishee summons was served upon defendant, the blanks in the printed notice to defendant, on the back of the copy of the summons, were not filled in and it was not signed.   Of course the service of the document in that condition did not amount to a service of the required statutory notice.

The disclosure was had before a referee, and the record recites the appearance of Mr. Lauerman for both defendant and garnishee. That gentleman, however, when just a very few preliminary questions had been asked of the first witness, interrupted the proceedings and stated that "defendant appears specially and objects to the jurisdiction of the court in this proceeding on the ground that no proper garnishee summons and notice to the defendant have been served upon the defendant, and moves for the dismissal of the garnishment in this action."   The learned trial judge held that to be a special appearance "for the purpose of moving the court to set aside the garnishment proceedings and discharging the garnishee." With that conclusion we find no reason for interfering.   The attorney in question at the same time appeared generally and participated in the proceedings on behalf of the garnishee.   It cannot be said that his special appearance for the defendant was too late.   It was not, under the special circumstances of this case and the rule of Spitzhak v. Regenik, 122 Minn. 352, 142 N. W. 709, a waiver of the jurisdictional defect.

Order affirmed.