## J. F. BRENNAN AND ANOTHER v. MAURICE CAVANAUGH.[1]

October 25, 1929.

No. 27,491.

*Steuart & McCaughan,* for appellant.

*Plato E. Sargent,* for respondents.

TAYLOR, C.

In August, 1928, plaintiffs brought this action in the municipal court of the city of Rochester and garnisheed the Citizens State Bank of Pine Island. On August 18, 1928, the garnishee disclosed that it was indebted to the defendant in the sum of $423.60. On October 24, 1928, the cause was tried, and the jury returned a verdict for plaintiffs. Defendant procured a stay of proceedings for 30 days. On November 23, 1928, defendant mailed to plaintiffs' attorney a notice of appeal which stated that defendant appealed to the district court from the judgment of the municipal court rendered on October 24, 1928. On November 24, 1928, the notice, affidavit and bond on appeal were filed with the clerk of the district court, who thereupon notified the municipal court that an appeal had been taken. On December 3, 1928, the municipal court entered judgment in favor of plaintiffs and against defendant for the sum of $185.90. On December 29, 1928, the files and a certified tran-

[1] Reported in 227 N. W. 200.

script of the proceedings in the municipal court were filed with the clerk of the district court. On January 15, 1929, plaintiffs made a motion in the municipal court for judgment against the garnishee, but that court refused to entertain the motion on the ground that the cause had been removed to the district court. Thereupon plaintiffs made a motion in the district court for judgment against the garnishee. This motion was denied. Defendant placed the cause on the calendar for the February, 1929, term of the district court. On the call of the calendar at that term, plaintiffs moved to dismiss the appeal on the sole ground that the notice of appeal had not been served in the manner required by the statute, and further moved that if the court granted this motion the order denying the motion for judgment against the garnishee be vacated. The court dismissed the appeal but denied the motion to vacate the order denying the motion for judgment against the garnishee. Defendant appealed from the order dismissing the appeal.

The attempt to appeal from the municipal court was of no effect for the reason that under the statute a notice of appeal from that court cannot be served by mail. G. S. 1923 (2 Mason, 1927) § 9093; Santala v. Hill, 143 Minn. 289, 173 N. W. 651, and cases there cited. It was also of no effect for the further reason that no judgment had then been rendered in the municipal court.

Defendant rests her appeal mainly on the claim that the action of plaintiffs in making a motion in the district court for judgment against the garnishee, and in thereafter making a motion to vacate the order denying the first motion, constituted a voluntary appearance and gave the district court jurisdiction. It has long been settled that, as the district court has original as well as appellate jurisdiction of such actions, a voluntary appearance by the parties in that court confers jurisdiction upon it whether the appeal was valid or invalid. Wrolson v. Anderson, 53 Minn. 508, 55 N. W. 597; Spitzhak v. Regenik, 122 Minn. 352, 142 N. W. 709; Burns v. Millers Mut. Cas. Co. 146 Minn. 356, 178 N. W. 812. In the case last cited the appeal was from an order of the municipal court of Waseca overruling a demurrer to the complaint. Plaintiff moved to dismiss the appeal on the ground that it was not taken in the manner pro-

vided by the statute. The motion was denied, and plaintiff thereafter argued the demurrer. In this court the point was made that the appeal to the district court was from a nonappealable order. The court said that by failing to raise that point in the district court and by voluntarily appearing and arguing the demurrer after his motion was denied, plaintiff waived any right he may have had to have the appeal dismissed on the ground that it was unauthorized.

The instant case is quite similar to the case cited and comes within the rule there applied. By moving the district court to .enter judgment against the garnishee before moving to dismiss, plaintiffs voluntarily invoked the power of that court and necessarily submitted to its jurisdiction.

Order reversed.