CITY LOAN & FINANCE COMPANY v. HARRY FITCH.

121 N. W. (2d) 181.

April 19, 1963—No. 38, 895.

*Plunkett & Peterson,* for appellant.
*Hunt & Hunt,* for respondent.

NELSON, JUSTICE.

Plaintiff obtained a judgment after a trial by jury and a verdict in its favor in the municipal court of Rochester, Olmsted County. It is clear that on the tenth day after the judgment was rendered, defendant

served upon counsel for plaintiff, by mail, a notice of appeal to the district court from the judgment. Plaintiff moved to dismiss the appeal on the ground that the district court had no jurisdiction of an appeal from a municipal court judgment unless personal service of the notice of appeal is made. This motion was denied by the district court, and plaintiff now appeals to this court from said order.

The question presented on this appeal is whether a party appealing from a judgment rendered in the municipal court of Rochester may properly effect an appeal to the District Court of Olmsted County for a trial de novo by serving the attorney of record by mail instead of by personal service.

Plaintiff cites Santala v. Hill, 143 Minn. 289, 173 N. W. 651, and Brennan v. Cavanaugh, 178 Minn. 366, 227 N. W. 200, in support of its contention that personal service of a notice of appeal is a jurisdictional requirement and that the attempt made by defendant to appeal from the municipal court to the district court was of no effect for the reason that under the statute a notice of appeal from that court cannot be served by mail.

Appeals from municipal courts to district courts are governed by Minn. St. 532.38, which provides in part as follows:

"(3) The party appealing shall serve a notice upon the opposite party, his agent or attorney who appeared for him on the trial, specifying the ground of appeal generally as follows: That the appeal is taken upon questions of law alone or upon questions of both law and fact. Such notice shall be served by delivering a copy thereof to the person upon whom service is made, or by leaving a copy at his residence; *provided that if any party has appeared by attorney, service upon such attorney may be made in the manner provided in section 543.17* and the original notice, with proof of service thereof, shall be filed with the clerk of the district court to which the appeal is taken, within ten days after such service is made, and thereupon such clerk shall immediately give notice in writing by registered mail to the justice of the peace before whom the cause was tried; * * *." (Italics supplied.)

Minn. St. 1949, § 543.17, has been superseded by Rule 5.02, Rules of Civil Procedure.[1]

Service on a party represented by an attorney must be made on the attorney, unless the court or a court commissioner orders otherwise. Such service may be made by delivering a copy to the attorney. Rule 5.02 provides the methods by which a copy may be delivered. Service may also be made by mail in every case, and such service is complete upon mailing. Although the rules explicitly provide that they do not regulate appeals to the district court, the provisions of Rules 5 and 6 as to service have nevertheless been held applicable to such appeals. In re Estate of Iofredo, 241 Minn. 335, 63 N. W. (2d) 19.[2]

The order of the trial court denying plaintiff's motion to dismiss the appeal for lack of jurisdiction must be affirmed.

Defendant, having failed to file a brief, is denied his costs on appeal. Affirmed.

---

[1]Rule 5.02 provides: "Whenever under these rules service is required or permitted to be made upon a party represented by an attorney, the service shall be made upon the attorney unless service upon the party himself is ordered by the court. Written admission of service by the party or his attorney shall be sufficient proof of service. Service upon the attorney or upon a party shall be made by delivering a copy to him *or by mailing it to him* at his last known address or, if no address is known, by leaving it with the clerk of court. Delivery of a copy within this rule means: Handing it to the attorney or to the party; or leaving it at his office with his clerk or other person in charge thereof; or, if there is no one in charge, leaving it in a conspicuous place therein; or, if the office is closed or the person to be served has no office, leaving it at his dwelling house or usual place of abode with some person of suitable age and discretion then residing therein. *Service by mail is complete upon mailing.*" (Italics supplied.)

Rules of Civil Procedure, Appendix B(1), states that Rule 5.02 supersedes Minn. St. 1949, § 543.17.

[2]Wright, Minnesota Rules, p. 31.