STATE OF MINNESOTA *vs.* JENS J. CHRISTENSEN & another.

April 30, 1875.

**Justice of the Peace—Docket Entries—Presumption of Verity.—**Where, on appeal from the judgment of a justice of the peace in a criminal case, it appears from the docket entry that the proper recognizance has been given, notice of appeal served, proof thereof made and the appeal allowed, the presumption in favor of the verity of the docket entry, as well as of the performance of duty by the justice, throws upon the party seeking to contradict such entry the burden of affirmatively showing its falsity.

**Same—Remedy of Party alleging Error.—**Where the docket entry states that the notice of appeal, and proof of service thereof, were made and filed on April 25, 1874, and that the appeal was allowed on that day, and it also appearing from the notice of appeal accompanying the justice's return, that, though such notice bore date as of that day, yet it had indorsed thereon a written admission of service, dated May 6th following, the return being silent as to the discrepancy in the dates, *Held,* 1. That the docket entry must control as to the time of service. 2. That a party complaining, and alleging error in the docket entry in such a case, should, by an order for an amended return, require the justice specifically to answer as to such alleged error.

Appeal by defendants from a judgment of the district court for Freeborn county, *Page*, J., presiding, dismissing an appeal from a justice of the peace.

*Gordon E. Cole* and *D. B. Johnson, jr.*, for appellants.

*A. M. Tyrer*, for the State.

CORNELL, J. The record in this case shows that judgment was rendered in a criminal action against the defendants, in a justice's court, on April 25, 1874, from which defendants appealed, upon questions of law and fact, to the district court. That upon the return of the justice, the district court, on motion of the respondent, dismissed such

appeal, on the ground that it appeared from the return of the justice, and the indorsement of admission of service on the notice of appeal, that the appeal was not taken within ten days from the rendition of the judgment in the justice's court. From the judgment of dismissal in the district court, defendants appeal to this court.

The certificate to the justice's return is as follows: "I hereby certify that the foregoing is a true transcript from my docket of all the proceedings had in said cause, as appears from my docket, and together with the papers hereunto attached, and herewith returned, contain a complete statement of proceedings had before me in said cause." Among the docket entries, so certified, is the following: "April 25, 1874, defendants filed recognizance, in the sum of two hundred dollars, for their appearance at the next term of the district court to be held in and for said county, also notice of appeal, with proof of service on A. M. Tyrer, attorney for the State ; appeal allowed, and defendants discharged from custody." The notice of appeal attached to such return, and the only one returned, was dated April 25, 1874, and had indorsed thereon, an admission of service purporting to be signed by said prosecuting attorney, as follows: "Service of the within notice is hereby admitted at Albert Lea, Minn., on this 6th day of May, 1874."

As necessary prerequisites to be complied with by the party appealing in a criminal case, before the justice has any authority to allow an appeal, a proper recognizance must be entered into, and notice of appeal served, as prescribed by the statute, upon compliance with which it is made his duty "to allow the appeal, and make an entry of such allowance in his docket." And when, as in this case, it appears from the docket entry that the proper recognizance has been given, notice of appeal served, proof thereof made, and appeal allowed, the presumption in favor of the verity of the docket entry, as well as of the performance of duty by the justice, throws upon the party seeking to contradict such entry the burden of affirmatively showing its falsity.

The appeal was allowed and entered in the docket on the 25th of April. This presupposes that the notice of appeal had then been served, and that the justice had so determined upon proper proofs. The only notice of appeal returned by the justice to the district court is the one hereinbefore mentioned, dated April 25, 1874, with the said admission indorsed thereon. If, as must be assumed in the absence of anything appearing in the return to the contrary, this was the notice and proof of service which was filed with the justice on the 25th day of April, as stated in the docket entry, it is apparent that the date contained in the admission of service is erroneous. The fact that the indorsement of the admission was on the notice at the time it was filed, authorized the justice in treating it as an admission that service had already been made, although the date thereof indicated a day yet in the future. If, as is claimed by the respondent, the notice of appeal and admission of service were not in fact filed with the justice until the 6th day of May, instead of the 25th of April, then he should have procured an order for an amended return, requiring the justice particularly to answer as to that fact. The judgment of the district court, dismissing the appeal, is reversed.