XAVIER MARCOTTE *vs.* JOHN FITZGERALD.

December 13, 1890.

**Municipal Court—Appeal from Justice—Practice.**—The provisions of Sp. Laws 1889, *c.* 351, § 28, relating to appeals from justices of the peace to the municipal court of St. Paul, and entering such appeals, and placing them on the calendar for trial, are imperative.

**Same—Notice of Trial.**—In order that the appeal shall be properly on the calendar, a previous notice of trial by the appellant is essential.

**Same—Notice held Bad.**—A notice of trial *held* fatally defective.

Action brought in justice's court, where plaintiff had judgment for $86.50. On May 15, 1890, the defendant appealed to the municipal court of St. Paul, and paid the justice his fees, and the appeal was allowed. On June 2d the justice certified to the return, and on June 5, 1890, filed it with the clerk of the municipal court. On May 26, 1890, the defendant served on plaintiff a notice that the issues would be brought on for trial "at the next general term of said court, to be held  *  *  *  on Tuesday, the 3rd day of May, 1890." The defendant, on May 31st, filed a note of issue, the cause was placed on the calendar for the term to be held June 3, 1890, and was then (plaintiff not appearing) set for trial June 21st. On June 5th, the plaintiff moved that the order setting the cause for trial be cancelled, and the judgment affirmed. The motion was granted, judgment of affirmance was entered, and the defendant appealed.

*McDonald & Barnard,* for appellant.

*Howard L. Smith,* for respondent.

GILFILLAN, C. J. The act relating to the municipal court of St. Paul (Sp. Laws 1889, *c.* 351) provides (section 28) that appeals from justices of the peace in that city shall be taken to the municipal court. The first proviso to the section reads: "*Provided, however,* that the appellant shall cause such appeal to be entered in this court, and placed upon the calendar for trial, at a term occurring not more than twenty days from the time of the allowance of the appeal." A second proviso reads:  "*Provided, further,* that the appellant shall

cause to be served upon the respondent or his attorney a notice of trial at least three days before the term at which said appeal is to be heard." A third proviso authorizes respondent, in case of failure of appellant to enter the appeal, to enter it himself at the next or any succeeding term, and have the judgment affirmed.

It is apparent that the appeal can be brought to trial only on notice by the appellant. The respondent's only course, in the absence of such notice, is that prescribed by the third proviso. It is also apparent that to enter the appeal and place it upon the calendar *for trial* there must be a notice of trial at the term for which it is placed on the calendar. The appeal cannot be for trial without a notice, so that the notice is essential to its being properly placed on the calendar by appellant. It must be held that an appellant may place the appeal on the calendar although the justice had not filed his return; otherwise, the appellant might lose his appeal from the neglect of the justice. Having entered the appeal and placed it on the calendar in such a case, the appellant may proceed to compel a return. The act certainly requires great promptness of action on the part of an appellant, but its provisions are imperative, and were doubtless intended to prevent delays.

The notice served in this case was fatally defective, as the respondent could not know from it at what term the appellant purposed to bring the appeal to trial. It was dated May 26th, and gave notice that the action would be brought to trial at the next general term of the court, on Tuesday, the 3d day of May, 1890. It is clear enough that there was a mistake either in the day or in the month, the respondent could not tell in which, there being a term in May after the date of the notice, as well as a term on June 3d.

Judgment affirmed.