JAMES H. ROWELL v. E. B. ZIER.[1]

December 11, 1896.

Nos. 10,192—(133).

Appeal from Justice—Failure to File Return—Judgment of Affirmance.

Where the defendant appealed to the district court from a judgment
against him in the justice's court, but no return was ever filed in the dis-
trict court, and the appeal was dismissed, *held*, under the provisions of G. S.
1894, § 5071, as amended by Laws 1895, c. 24, the district court had, in the
absence of a return, no authority, on such dismissal, to enter against defend-
ant a judgment of affirmance in which is included the supposed amount of
the judgment in the justice's court.

Appeal by defendant from a judgment of the district court for
Hennepin county, in favor of plaintiff, after affirmance of the clerk's
taxation of costs, by Russell, J.   Reversed.

*Henry D. Stocker, Jr.*, for appellant.
*A. F. Sweetser*, for respondent.

CANTY, J.   Plaintiff commenced an action against defendant be-
fore one Gray, a justice of the peace.   The parties appeared and
filed their pleadings, and the case was continued.   On the day to
which it was continued, the parties again appeared, a change of venue
was taken by the defendant, and the case transferred to Justice Stiles,
in the adjoining district of the city.   This much is shown by the
papers on file in the district court, appearing to be the papers trans-
ferred by Justice Gray to Justice Stiles, containing a certificate made
and signed by Justice Gray only.   It appears by affidavits of the

---

1 Reported in 69 N. W. 222.

parties that the case was tried before Justice Stiles; that he entered judgment in favor of plaintiff, and defendant appealed to the district court. The case was placed on the calendar of the district court, and came on for trial. Both parties appeared, when it was discovered that no return was on file. Thereupon, on plaintiff's motion, the court dismissed the appeal. Subsequently plaintiff taxed costs, inserting in his bill of costs $20.45 as the amount of the judgment in the justice's court, and $1.80 interest thereon. The defendant objected to such taxation. The objection was overruled, and he appealed to the judge, who affirmed such taxation. Judgment was thereupon entered against defendant, and he appeals to this court.

The judgment appealed from must be reversed. In the absence of a return from the justice's court, the district court had no authority to include in its judgment of dismissal the supposed amount of the judgment in the justice's court. G. S. 1894, § 5071, as amended by Laws 1895, c. 24, provides:

"And in all cases where an appeal has been allowed by a justice of the peace in any case, and return thereof made to the district court, and said appeal shall be for any cause dismissed, the said district court shall nevertheless enter its judgment in said action affirming the judgment of the court below, and the costs of both courts may be taxed before the clerk of said district court and entered in said judgment, and the respondent have execution therefor against the appellant and his sureties upon the appeal bond, as in other cases."

Neither does section 5072 contemplate a judgment of affirmance on motion of respondent without a return on file. As throwing light on the matter, see section 5070, which provides that on the filing of the return the district court shall become possessed of the action. Besides, section 5071, as so amended, is the last expression of the legislature, and only authorizes a judgment of affirmance on dismissal of the appeal when a return has been filed in the district court, which was not done in this case. It is true that in this case no judgment was entered in the district court against the sureties, but the statute applies to the appellant as well as his sureties.

This case was set down for oral argument in violation of Rule 15. No statutory costs will be taxed.

Judgment reversed.