JOHN LOONEY v. GEORGE DROMETER.[1]

November 2, 1897.

Nos. 10,734—(164).

Appeal from Justice—Jurisdictional Facts.

> Upon appeal from a justice court, every jurisdictional fact should be made to appear in the return of the justice. It is a jurisdictional prerequisite to the allowance of the appeal that the original notice thereof, with proof of the service of the same, be filed with the justice within the time prescribed by statute.

Action for trespass brought in justice's court. From a judgment for plaintiff, defendant attempted to appeal to the district court for Dakota county on questions of law alone. The court, Crosby, J., denied plaintiff's motion to dismiss the appeal, and from a judgment of the district court reversing the justice's judgment, plaintiff appealed. Reversed.

*J. M. Millett*, for appellant.

*Ernest Otte*, for respondent.

PER CURIAM.

The district court should have granted plaintiff's motion to dismiss the appeal on the ground that it did not appear that the notice of appeal, with proof of service, was ever filed with the justice as required by statute. This is a jurisdictional prerequisite to the al-

1 Reported in 72 N. W. 797.

lowance of an appeal that cannot be dispensed with. Without it there is no appeal. Marsile v. Milwaukee, 23 Minn. 4; Larrabee v. Morrison, 15 Minn. 151 (196). There is no presumption that the notice of appeal was filed. Every jurisdictional fact must appear in the return of the justice. McFarland v. Butler, 11 Minn. 42 (72); Marsile v. Milwaukee, supra. If the notice of appeal was in fact filed with the justice, but the justice's return was defective, the appellant might, on a proper showing, have applied to the district court for an order directing the justice to make an amended return; but, as this was not done, the court should have granted plaintiff's motion to dismiss the appeal.

Judgment reversed, and cause remanded, with directions to the district court to dismiss the appeal.