ELSIE M. CHRISTIAN v. CITY OF MINNEAPOLIS.[1]

November 3, 1897.

Nos. 10,677—(91).

**Street Pavement—Injury to Traveler—Excessive Damages.**

In an action for personal injuries, *held*, that the evidence justified the verdict, and that the damages awarded were not so excessive that this court would be warranted in disturbing the verdict.

Appeal by defendant from an order of the district court for Hennepin county, Jamison, J., denying its motion for a new trial after a verdict of $3,000 in favor of plaintiff. Affirmed.

*Frank Healy*, for appellant.

*W. S. Dwinnell* and *F. D. Larrabee*, for respondent.

MITCHELL, J.

The plaintiff alleges that, while alighting from a street car near the intersection of First avenue south and Fifth street south, in the city of Minneapolis, she stepped into a hole in the pavement, which the city had negligently failed to repair, and thereby sustained injury for which she seeks to recover.

In his brief, counsel for the city does not make any special point as to the negligence of the city or the contributory negligence of the plaintiff. Upon both of these questions the evidence made a case for the jury. The main contention of counsel is that, in view of the undisputed facts in the case, it was physically impossible for the plaintiff to have been injured in the manner she claims, to wit, by stepping into the hole. All that we need say on this point is that we have read all the evidence, and cannot see anything impossible, or even improbable, in plaintiff's version of the occurrence.

Upon the trial defendant introduced evidence tending to prove that the hole was not as deep as plaintiff claimed, and for that purpose cut up and produced in court a section of the pavement containing the hole itself. Plaintiff was thereupon permitted to introduce, in rebuttal, evidence that after the accident the hole had been filled with gravel. This was competent, not as an admission by the city of

[1] Reported in 72 N. W. 815.

its prior negligence, but for the purpose of proving that the pavement as produced in evidence was not in the same condition as when the accident occurred.

The only important question in the case is whether the damages awarded are excessive. At first blush it would seem that $3,000 for what counsel calls "a sprained ankle" is much too large. But "sprains" may be much more serious than broken bones. The evidence tends to show that the plaintiff, who was a very stout woman, in getting out of the car stepped down in such a way that her toes were upon the pavement blocks at the edge of the hole, while the back part of her foot was immediately over the hole, and that her foot slipped back into the hole and turned "in and over," and that she slipped and fell with her whole weight on it, producing very violent laceration and tearing of the various capsules and ligaments of the ankle joint; that the injury was intensely painful; that the limb became greatly swollen and discolored up to the knee; that plaintiff was confined to her bed constantly for several months, with her leg bandaged or in splints, during all of which time she was under the daily treatment of a physician and the constant care of a nurse; that she was confined to her bed a part of the time and in need of attendance for several months longer; that after she got up she had to use two crutches, and subsequently two canes, in walking; that she had still to use one cane; that her limb still pained and troubled her at the date of the trial, which was over two years after the accident; that by reason of the injury and consequent confinement her general health had been seriously impaired. There was also medical evidence to the effect that if such an injury is not, with proper treatment, fully cured in that length of time, the probabilities are that a person will never fully recover from the effect of it. While it seems to us that the damages awarded are exceedingly liberal, yet we do not think that, under the evidence, we would be justified in disturbing the verdict as excessive, especially as the trial judge has unconditionally refused to grant a new trial on that ground.

Order affirmed.