STATE ex rel. KATE LARSON v. DISTRICT COURT OF WATONWAN COUNTY and Others.

October 11, 1899.

No. 11,943.

### Appeal from Justice Court—Jurisdiction of District Court—Prohibition.

Petitioner was convicted before a justice of the peace; appealed to the district court on questions of both law and fact; then moved the court to dismiss the proceeding, on the ground that the crime charged is one of which the justice had no jurisdiction; the motion was denied, and the court is proceeding to try defendant de novo for such crime. *Held*, the district court had jurisdiction of the appeal, whether or not the justice of the peace had jurisdiction of the offense, and prohibition will not lie to prevent the district court from proceeding.

Motion for an order that a writ of prohibition issue to the district court of Watonwan county, the Honorable M. J. Severance, judge of said court, and Ashley Coffman, Esq., county attorney of said county, commanding them to desist from all further proceedings in a certain action.   Motion denied.

*Seager & Lobben*, for relator.

*Ashley Coffman*, for respondent.

CANTY, J.

Relator petitioned this court that a writ of prohibition issue to said district court. The petitioner was charged before a justice of the peace with the crime of assault, pleaded not guilty, was tried by a jury, found guilty, and sentenced to pay a fine, or, on default of payment, to be imprisoned in the county jail. She thereupon appealed to the district court on questions of both law and fact. The return was duly filed, and, on the first day of the next general term of the district court, she moved that court to dismiss the proceeding, on the ground that the justice of the peace never had any jurisdiction of the offense charged in the complaint. The motion was denied, and the district court is proceeding to try petitioner for the offense charged in the complaint. She claims that the offense so charged is not merely assault and battery, but assault in the second degree, of which a justice of the peace would have no jurisdiction, and therefore the district court, on appeal, could not convict her of the offense.

Conceding, without deciding, that the offense so charged is assault in the second degree, it does not follow that a writ of prohibition should issue. That writ will lie only where there is a want of jurisdiction of the subject-matter in the court against which the writ is directed. The district court clearly had jurisdiction of the appeal of petitioner, and did not lose jurisdiction by making an erroneous ruling. Appellant concedes that the district court had jurisdiction to annul the judgment of the justice and dismiss the proceeding, and should have done so. If, as petitioner contends, the court erred in the performance of its duty within its jurisdiction, the remedy must be by appeal or writ of error, and cannot be by prohibition.

Motion denied.