## J. P. SMITH v. JAMES KISTLER.[1]

June 28, 1901.

Nos. 12,655—(47).

### Justice Court—Notice of Appeal.

A notice of appeal from a justice judgment should state specifically the grounds upon which such appeal is taken, whether "upon questions of law alone, or upon questions of fact alone, or upon questions of both law and fact," and an omission to state any ground of appeal is fatal to the efficiency of the same.

### Same—Entry in Docket.

Docket entries of a justice, certified to the district court by the justice on appeal, are not conclusive as against jurisdictional facts contained in the notice itself.

### Return on Appeal.

A certificate of a justice, on appeal, that all papers have been returned, will be presumed to refer to the only notice found in the files so returned, and, if its identity is questioned, the burden is upon the party who denies it to secure an amended return, if necessary to determine that question.

Action before a justice of the peace of Minneapolis, who rendered judgment for plaintiff. Defendant attempted to appeal to the district court for Hennepin county. From a judgment entered pursuant to an order, Elliott, J., dismissing the appeal, defendant appealed to the supreme court. Affirmed.

*F. A. Gilman,* for appellant.

*Castner & Grotte,* for respondent.

LOVELY, J.

Plaintiff recovered a judgment before a justice of the peace in Hennepin county. Defendant attempted to appeal therefrom. The district court dismissed the appeal upon the ground that no proper notice thereof had been served and filed with the justice as required by law. The only notice of appeal contained in the return, upon which an admission of service by plaintiff's counsel was indorsed, omitted any statement of the grounds of

[1] Reported in 86 N. W. 876.

appeal, in disregard of the requirements of the statute to state therein whether "the appeal is taken upon questions of law alone, or upon questions of fact alone, or upon questions of both law and fact." G. S. 1894, § 5068. This omission was held to be fatal and insufficient to confer jurisdiction to review the action on any ground by the district court. The appeal was dismissed. The judgment entered therein is brought here for review.

The due service of a proper notice of appeal, filed with the justice within the time required after the judgment, is essential to give the district court jurisdiction to hear and determine the cause. McFarland v. Butler, 11 Minn. 42 (72); Larrabee v. Morrison, 15 Minn. 151 (196); Marsile v. Milwaukee & St. P. Ry. Co., 23 Minn. 4; Stolt v. Chicago, M. & St. P. Ry. Co., 49 Minn. 353, 51 N. W. 1103; Looney v. Drometer, 69 Minn. 505, 72 N. W. 797. The designation of the grounds of appeal in the notice is undoubtedly required for a very substantial purpose, viz., to give the opposite party information whether the cause should be tried de novo, and, if so, to enable him to summon witnesses and prepare for trial; or if it should be heard, as formerly, on certiorari, upon the rulings and orders of the justice that no such preparation need be made. The appealing party has the right, by his notice of appeal, to determine in which form the cause shall be reviewed, and it was also the purpose of the statute to compel him to make that election in the statement of his grounds of appeal in the notice. This purpose is provided for in no other way. It is unquestionably mandatory, and essential to confer jurisdiction upon the district court.

Among the entries from the docket of the justice returned are the following:

"May 1, 1900. Bond, affidavit, and notice of appeal filed. Bond approved. My fees on appeal, $2.50, paid by defendant, and appeal allowed."

A certificate of the justice is also attached to the return, which reads as follows:

"That the same is a full and correct transcript   *   *   *   of all the proceedings had before me in said action; that the

affidavit, bond, and notice of appeal, together with all the process and other papers relating to the action, and filed with me or had before me therein, are herewith returned and attached, and numbered from one to nine, inclusive."

Defendant urges that there is an inconsistency between the docket entries relating to the notice and the actual notice in the return, claiming that the docket entries in that respect control, for the reason that the different papers returned by the justice in this case were not attached together consecutively in the order numbered by the justice, and hence that the notice upon which the district court acted in dismissing the appeal was merely a fugitive paper which should have been disregarded. There is no merit whatever in this contention. The justice certified that all the papers had been returned. There was no other notice than the one referred to which had the admission of service by plaintiff's counsel indorsed thereon. This ought to be conclusive upon the identity of that paper; if not, it was the duty of the defendant, rather than plaintiff, to ask for an amended return to show the contrary. State v. Christensen, 21 Minn. 500.

It cannot be doubted, from the authorities cited above, that the notice required to perfect an appeal must contain statements necessary to give jurisdiction to the district court on review. The justice surely cannot determine ultimately the sufficiency of the same. It must be determined by the appellate court on an inspection of the papers, and, if there is any inconsistency between the docket entry and the notice in any material respect, "the statement in the transcript of the justice's docket contained in the return is qualified and explained by the paper." Larrabee v Morrison, supra. It follows that the district court properly dismissed the appeal

Judgment affirmed.