## C. A. BUIE v. GREAT NORTHERN RAILWAY COMPANY.[1]

April 14, 1905.

Nos. 14,233—(53).

**Appeal from Justice of the Peace.**
    A notice of appeal from a judgment in justice court stated that the defendant appealed from the judgment, and the whole thereof, and that a new trial of said action was demanded in the district court. Other than this the ground of the appeal was not stated. *Held*, following Smith v. Kistler, 84 Minn. 102, that the notice was void.

Appeal by defendant from a judgment of the district court for Polk county entered pursuant to the order of Watts, J., dismissing an appeal from a judgment of a justice of the peace. Affirmed.

1 Reported 103 N. W. 11.

*Wm. R. Begg, A. C. Wilkinson,* and *Murphy & Duggan,* for appellant.

*Bronson & Collins,* for respondent.

START, C. J.

The plaintiff recovered judgment against the defendant in justice court, from which it attempted to appeal to the district court of the county of Polk. On motion of the plaintiff, the district court dismissed the appeal on the ground that no proper notice of appeal had been served, and judgment was entered accordingly, from which the defendant appealed to this court.

The notice of appeal was, so far as here material, in these words:

> Take notice that the defendant, Great Northern Railway Company, hereby appeals to the district court in and for the county of Polk and state of Minnesota from the judgment rendered in the above-entitled action and docketed on the 6th day of June, A. D. 1904, in favor of the plaintiff and against the defendant, in the sum of $68.57, and from the whole of said judgment, and a new trial of said action is demanded in the said district court.

The statute relating to appeals from judgments in justice courts (G. S. 1894, § 5068) provides that:

> No appeal shall be allowed in any case unless the following requisites are complied with, within ten days after judgment rendered, viz.: * * * Third. The party appealing shall serve a notice upon the opposite party * * * specifying the ground of the appeal generally as follows: That the appeal is taken upon questions of law alone or upon questions of fact alone, or upon questions of both law and fact.

In the case of Smith v. Kistler, 84 Minn. 102, 86 N. W. 876, it was held—construing this statute—that a notice of appeal from a justice judgment should state specifically the ground upon which the appeal is taken, and that the omission to state in such notice any ground of appeal was fatal to the efficiency of the same.

The only question, then, in the case at bar, is whether the notice

of appeal states the ground upon which the appeal was taken. The contention of the defendant is that the notice states, in substance, that the appeal is upon questions of fact. The argument in support of this contention, briefly stated, is that the words, "and a new trial of said action is demanded in the said district court," found in the notice, amount to a statement that the defendant desires the questions of fact at issue to be retried; hence the notice states, in substance, that the appeal is upon questions of fact. We cannot so construe the notice. The statute does not require any demand as to the trial in the district court to be stated in the notice, but it does require a statement of the ground of the appeal to be included therein, and provides that the procedure in the district court must be governed by such statement. It would be a forced construction of the language of the notice in question to hold it to be substantially a statement that the appeal was taken upon questions of fact alone. We therefore hold—following Smith v. Kistler, supra—that the notice of appeal was void, and that the appeal was correctly dismissed.

Judgment affirmed.