STATE ex rel. E. A. HALL v. FRANK LONG.[1]

December 20, 1907.

Nos. 15,381—(157).

**Appeal from Justice Court.**
    Section 3991, R. L. 1905, gives to the district court the power, but does not require it, to affirm the judgment upon dismissal of an appeal from a justice court for any cause, or upon default of appellant to appear and prosecute his appeal.

[1] Reported in 114 N. W. 248.

**Habeas Corpus.**

> The defendant, convicted by a justice court of an offense, took an appeal to the district court, which was dismissed on defendant's own motion. Thereafter, upon a warrant of commitment issued by the justice, the sheriff took the appellant into custody. A writ of habeas corpus was sued out. It is *held* that the writ of habeas corpus should be discharged and the prisoner retained in the custody of the sheriff.

Emory A. Hall having been sentenced by a justice of the peace to pay a fine, or in default of payment to be imprisoned in the county jail, was delivered into the custody of the sheriff of Morrison county. Thereupon he obtained a writ of habeas corpus directed to the sheriff and returnable before a court commissioner, who, after hearing, ordered that the prisoner be discharged. From the order of discharge defendant appealed. Reversed.

*Don M. Cameron,* for appellant.

*F. W. Lyon,* for respondent.

JAGGARD, J.

One Hall was convicted before a justice of the peace for assault and battery, and adjudged to "pay a fine of $50 and the costs therein, and in default thereof to be imprisoned in the common jail of the said county for sixty days." An appeal on fact and law was duly taken to the district court. On defendant's own motion that appeal was dismissed. Thereafter the justice issued a warrant of commitment by virtue of which the sheriff took the defendant into custody. Thereupon a writ of habeas corpus was sued out and the defendant discharged from the custody of the sheriff by a court commissioner. The propositions upon which the appeal to this court rest are that upon appeal to the district court the justice lost jurisdiction of the case and that the only judgment which the district court could render was a judgment of affirmance.

It is provided by section 3985, R. L. 1905, that upon appeal from justice court upon questions of law and fact the action shall be tried in the district court in the same manner as though commenced therein. Chapter 24, p. 144, Laws 1895, further provided that "in all cases, where an appeal has been allowed by a justice of the peace in any case, and return thereof made to the district court, and said

appeal shall be for any cause dismissed, the said district court shall nevertheless enter its judgment in said action, affirming the judgment of the court below. * * * " The practice in this regard has been changed. Section 3991, R. L. 1905, provides that the district court shall have the power to affirm a judgment upon dismissal, or upon default of the appellant to appear and prosecute his appeal.

Whatever doubt there may have been as to the right of the justice to issue a warrant of commitment after the appeal to the district court had been dismissed under the decisions of this court before the new enactment is not material. Construing these cases as a whole, especially Graham v. Conrad, 66 Minn. 470, 69 N. W. 215, Rowell v. Zier, 66 Minn. 432, 69 N. W. 222, State v. District Court of Watonwan County, 77 Minn. 405, 80 N. W. 355, and Schroeder v. Harris, 43 Minn. 160, 45 N. W. 4, a question might well arise whether under any circumstances the accused should prevail on the present appeal. The changed law gives the district court power to affirm the justice court, but does not require the district court so to do. The general principle is that when, upon a conviction before a justice of the peace, one is adjudged to pay a fine or to be imprisoned for a specified time, or until the fine is paid, and no appeal is pending, a commitment may be issued by the justice at any time, while the judgment stands unexecuted. In the case at bar, when the appeal was dismissed, the period of suspension ceased, and the justice was at liberty to proceed.

The writ of habeas corpus should accordingly be discharged, and the prisoner retained in the custody of the sheriff. Let judgment be entered accordingly.