G. M. BLANDIN v. MAHALA A. BRENNIN and Another.[1]

December 31, 1908.

Nos. 15,853—(196).

**Appeals to District Court.**

R. L. 1905, § 3879, relating to appeals from the probate to the district court, authorizes the affirmance of the order or decree appealed from in either of two cases: (1) Where the appellant fails to appear and prosecute his appeal; and (2) where the order or decree appealed from is sustained on its merits. Sections 3878 and 4195 do not apply to such appeals, where the appellant fails to appear when the appeal is called for trial.

**Same—Failure to Prosecute.**

Where the appellant does not appear and prosecute his appeal, the district court is not required to hear evidence and determine the case on its merits.

**Same.**

Whether both an affirmance and a dismissal of the appeal may properly be entered by the district court is doubtful.

**Relief from Default.**

An application to be relieved from default in the prosecution of an appeal from the probate court is addressed to the discretion of the district court, no abuse of which in denying appellant's application in this case appears from the record.

Upon the petition of Mahala A. Brennin to the probate court for Grant county, George M. Blandin was by that court removed from his office as executor of the last will and testament of Viola M. Dunn, deceased. From this order he appealed to the district court for Grant county. At the continued term of the district court, when the appeal was reached in its order on the calendar, there was no appearance for George M. Blandin, and on the application of the Brennins the court, Flaherty, J., on June 25, 1908, ordered that the appeal from the order removing the executor be dismissed, and that the order appealed from be affirmed for want of an appearance and for want of prosecution. On July 20, 1908, a motion to vacate the order dismissing the appeal and reinstate the appeal upon the calendar was denied. From the or-

[1] Reported in 119 N. W. 57.

106 M.—23

der of June 25 dismissing the appeal and affirming the order of the probate court, and from the order of July 20 denying the motion to vacate the order of June 25, and from the judgment entered pursuant to the order of June 25, Blandin appealed. Affirmed.

.C. H. Slack, for appellant.

E. J. Scofield, for respondents.

BROWN, J.

Viola M. Dunn, a resident of Grant county, died in the year 1900, leaving a last will and testament by which she devised to her daughter, Blanche Dunn, her residence property situated in the city of Minneapolis. George M. Blandin was named as executor, and he duly qualified and entered upon the discharge of his duties, continuing therein until removed as hereinafter stated. In September, 1907, a petition for the removal of Blandin was presented to the probate court of Grant county, the court having charge of the administration of the estate, and after hearing on the merits an order of removal was granted, based upon the ground that Blandin had mismanaged the estate and failed and neglected to obey orders of the court, from which Blandin appealed to the district court. The appeal came on for hearing at the May, 1908, general term of the district court, at which time all parties appeared. It was apparent on the preliminary call of the calendar that the business before the court could not be completed at that session, and the presiding judge announced that an adjourned term would be convened on June 23 for the hearing and disposition of all matters and causes not disposed of at that time. It was then practically understood by counsel engaged in this matter that it would not be called or reached until the adjourned term, and appellant and his counsel returned to their homes. The matter was not reached at that session, and the court was adjourned in conformity with the previous announcement until June 23, at which time the court reconvened to complete the unfinished business. This matter was called in its order on the calendar, and, no one appearing for the appellant, the court ordered the appeal dismissed and the order of the probate court affirmed. Thereafter counsel for appellant moved the court, on affidavits, to be relieved from the default, to set aside the order dismissing the appeal, and for a hearing thereof on its merits. The motion was denied. Thereafter formal

judgment was entered in the district court, dismissing the appeal from the probate court and affirming the order appealed from. The executor then appealed to this court from the order denying his motion to be relieved from his default, and also from the judgment.

It is contended by appellant that the order and judgment of the district court were erroneous, and should be reversed, for the reason that the court had no power to order a dismissal or affirmance, except after a trial on the merits of the issues presented by the appeal. Counsel cite in support of this contention section 3878, R. L. 1905, which provides that appeals from the probate court should be heard and tried in the district court in the same manner as other issues of fact are heard and tried, and also section 4195, relating to the dismissal of actions in the district court. We are unable to concur in appellant's contention.

The statutes referred to do not control a situation of the kind here presented, where the appellant, on an appeal from the probate court to the district court, fails to appear and prosecute his appeal when called for trial. The case is governed entirely by section 3879, which provides that "whenever the appellant fails to prosecute his appeal, or the order, judgment, or decree appealed from or brought up on certiorari is sustained by the district court on the merits, it shall enter judgment affirming the decision of the probate court, with costs." This clearly authorizes judgment of affirmance (1) when appellant fails to appear and prosecute his appeal, and (2) when the order, judgment, or decree appealed from is sustained on the merits. The statute does not require the hearing of an appeal on the merits in cases where the appellant does not press his cause, and his absence and failure to appear render such a hearing wholly unnecessary. Nor is it important whether, on an appeal of this kind, the appellant or the respondent be required to take the initiative or burden of proof. The court is not required to entertain the appeal, unless there is some controversy to determine, and for all practical purposes there can be no controversy when a party, bringing a cause into court and seeking relief from a judgment against him, fails to appear and present his case. The court was therefore right, under the statute, in affirming the order of the probate court.

There may be an inconsistency in the order of the district court in both dismissing the appeal and affirming the order appealed from.

The dismissal of the appeal in effect sent the cause out of the district court and returned it to the probate court; for by the appeal only did the district court acquire jurisdiction, and the moment the dismissal was ordered the jurisdiction ceased. Undoubtedly the district court possessed the inherent power to dismiss the appeal for want of prosecution. 2 Enc. Pl. & Pr. 346. But it is doubtful whether a judgment of affirmance could properly be entered in connection with the dismissal. Such practice is expressly authorized on appeals from justices' courts (Graham v. Conrad, 66 Minn. 471, 69 N. W. 334), and it is the practice in the federal courts (Hinckley v. Morton, 103 U. S. 764, 26 L. Ed. 458; 2 Enc. Pl. & Pr. 347); but our statutes on appeals from probate courts do not so provide. But of this appellant is in no position to complain. The district court had authority either to dismiss the appeal or to affirm the order appealed from, either of which would leave appellant precisely where he was before his appeal was taken, with a valid order of the probate court dismissing him as executor. In all probability the order of dismissal was an inadvertence in the case at bar, and may be rejected as surplusage; the judgment of affirmance being fully authorized by the statute referred to.

We come, then, to the only real question in the case, viz., whether the court below erred in refusing to relieve appellant from his default. Appellant's motion was addressed to the discretion of the court, and from a careful reading of the affidavits in support of and in opposition thereto we are unable to say that the learned judge below was in error. The executor has no personal interests to protect. He has no vested right to continue as executor. Whatever interest he may have in the matter concerns only the allowance of his account as such. This is within the exclusive jurisdiction of the probate court, and his removal in no way affects his right to be heard thereon.

Judgment and order affirmed.

On January 15, 1909, the following opinion was filed:

PER CURIAM.

Attention is called in an application for a rehearing to section 4167, R. L. 1905, which provides that, if a party is absent when the case is called for trial, the adverse party shall, unless the court otherwise orders, proceed with his case and take a dismissal, or a verdict, or a judg-

ment, as the case may be; and counsel insists that respondent was not entitled to a judgment of affirmance without proving the merits of her petition for the removal of appellant as executor. That section of the statute does not apply. The question here presented, as stated in the original opinion, is controlled by section 3879, which is explicit that a judgment of affirmance may be ordered where the appellant fails to prosecute his appeal. If the appellant fails to appear at the time of trial, it is a little difficult to discover anything but a failure to prosecute within the meaning of the statute. A similar situation is presented in cases of appeal from justice court. Sections 3986 and 3991 provide for the affirmance of the judgment appealed from in all cases where the appellant fails to appear and prosecute the appeal; and it is immaterial whether the appeal be taken by the defendant or by the plaintiff. If it were not, in the case at bar, for the express provisions of section 3879, counsel would be entirely right; but the effect of that statute is to dispense with the necessity of offering evidence when the appellant by his failure to appear in effect abandons his appeal.

Petition for rehearing denied.