# W. A. C. WENTWORTH and Another v. NATIONAL LIVE STOCK INSURANCE COMPANY.[1]

February 11, 1910.

Nos. 16,249—(42).

**Municipal Court — Relief against Mistake.**

Section 4160, R. L. 1905, applies to the municipal court of the city of St. Paul, and under it that court may, in its discretion, in a proper case, relieve a party from his failure to bring to trial an appeal from a judgment of a justice of the peace within the time prescribed by section 28 of the St. Paul municipal court act.

Defendant appealed from a judgment in justice court to the municipal court of St. Paul. The proceedings in the justice and municipal courts are stated in the opinion. The order for judgment of affirmance was granted by Hanft, J. Defendant's motion for an order vacating the order affirming the judgment was denied by Finehout, J. From the judgment of affirmance, defendant appealed. Reversed.

*Edward B. Graves,* for appellant.

*James Cormican,* for respondents.

BROWN, J.

This action was commenced in justice court, where, in the due course of procedure, on October 5, 1908, judgment was rendered for plaintiffs for the amount claimed in the complaint. Whereupon defendant appealed to the municipal court of the city of St. Paul upon questions of both law and fact. The notice of appeal bears date October 13, and was upon that day, with proof of service indorsed thereon, together with the affidavit and bond on appeal, filed with the justice. Return was made by the justice to the municipal court, and on October 28 defendant's counsel noticed the cause for trial in that court at a general term thereof commencing on the third day of November, 1908.

[1] Reported in 124 N. W. 977.

At the opening of the term on that day plaintiffs' counsel appe...e i and moved for judgment of affirmance, under section 28 of the St. Paul municipal court act (Sp. Laws 1889, c. 351), upon the ground that appellant had not noticed the cause for trial "at a term occurring not more than twenty days from the time of the allowance of such appeal." In opposition to this motion defendant insisted, and presented affidavits tending to show, that the appeal, though certified by the justice to have been allowed on October 13, was not in fact allowed until the fourteenth, and that the term at which the cause had been noticed for trial was within the twenty-day period provided by the statute referred to. Upon this showing the municipal court made an order, apparently mandatory, requiring the justice to amend his return by certifying that the appeal was allowed on the fourteenth, instead of the thirteenth of October. This the justice declined to do, giving as a reason that a compliance with the order would necessitate a false certificate by him, for the appeal, he again certified, was in fact allowed on the thirteenth.

Upon the filing of the amended return, plaintiffs again moved for an affirmance, and the court granted it on December 28, 1908. Defendant then, by way of an order to show cause, moved the court to set aside the order so entered, and to be relieved from the default to notice the cause for trial within the time fixed by the statute, and that the cause be re-entered upon the calendar for trial upon its merits. This motion was based upon the records and files in the action, together with an affidavit of defendant's counsel, and was predicated upon the general statutes applicable to district court procedure, wherein it is provided that relief from mistakes may be granted in the discretion of the court upon sufficient cause shown. Section 4160, R. L. 1905. The court denied the motion, upon the ground that it had no authority to grant it, and not as a matter of discretion. We assume that, had the trial court been of opinion that the general statutes referred to applied, the motion would have been granted. Defendant was only one day late in bringing the cause to trial, and the affidavits presented sufficiently excused the default. Judgment was entered upon the order affirming the judgment appealed from, and defendant appealed to this court.

The several assignments of error present but one question requiring special consideration, namely, whether the court below erred in holding that it had no authority, discretionary or otherwise, to relieve defendant from its default.

We may say, however, in passing, that there is no merit in defendant's contention that the order of the municipal court requiring of the justice an amended return respecting the date of the allowance of the appeal, which order was consented to by plaintiff's counsel, was intended as a mandatory command to the justice to make the amendment in accordance with the order, leaving the justice no alternative but to change the date on which he allowed the appeal. Such was evidently not the purpose of the court. The order, properly construed, simply required the justice to correct the mistake in his return, if any had been made. The justice certified that no mistake had been made, and he recertified that the appeal was allowed on the thirteenth. It may be remarked, further, that the appeal was not brought on for trial at a term of court commencing not more than twenty days from the allowance of the appeal. The question is disposed of in Holmes v. Igo, infra, page 133, 124 N. W. 974. The appeal was allowed on October 13, and the cause was noticed for trial November 3, a period of twenty-one days.

We come, then, to the question whether the court erred in not passing upon the merits of defendant's motion for relief. The municipal court of St. Paul was established by chapter 351, Sp. Laws 1889. By section 1 the court is declared a court of record, and by section 3 is vested with all the powers usually possessed by courts of record at common law, subject to statutory modifications, and with all the powers of district courts of the state in causes within their jurisdiction, and all general laws, so far as pertinent, are made applicable to practice and procedure therein. Section 28 of the act requires all appeals from justices of the peace to be taken to the municipal court in the manner provided by the general statutes for appeals to the district court, and that the municipal court shall have all the powers possessed by the district courts in such cases:

"Provided, however, that the appellant shall cause such appeal to be entered in this court [municipal] and placed upon the calendar for

trial at a term occurring not more than twenty days from the time of the allowance of such appeal; * * * and provided, further, that if the appellant fails or neglects to enter the appeal as aforesaid, the respondent may enter the same at the next or any succeeding term of said court, and have the judgment of the court below affirmed, with interest and costs."

In the case before us appellant was one day late in placing his appeal upon the calendar of the municipal court, and the question presented is whether that court had power to relieve it therefrom. We answer the question in the affirmative. The provisions of the municipal court act requiring appeals to be speedily brought on for trial contain substantially the same provisions as sections 3986 and 3990, R. L. 1905, requiring appeals from justice to district courts to be placed on the calendar for trial on or before the second day of the term of the district court happening next after, and within thirty days from, the allowance of the appeal, and that, if appellant fails to so enter it, the respondent may do so at the same or subsequent term and have the judgment affirmed. We have held that the failure of an appellant to comply with that statute does not affect the jurisdiction of the district court, and that he may be relieved from his default in a proper case. Christian v. Dorsey, 69 Minn. 346, 72 N. W. 815; Sundet v. Steenerson, 69 Minn. 351, 72 N. W. 569. The same rule applies to the municipal court of St. Paul. The failure to place an appeal on the calendar for trial in that court within the time allowed therefor does not affect the jurisdiction of the court, and, as all laws of a general nature apply to procedure and practice therein, it may relieve a default in this respect precisely as the district court may.

The case of Marcotte v. Fitzgerald, 45 Minn. 51, 47 N. W. 316, relied upon by the municipal court in denying defendant's relief, is not in point. The question here presented was not before the court in that case. No application was there made for relief from the failure timely to enter the cause for trial. Appellant had noticed the case for trial in due time, but his notice was defective and insufficient. The court held the requirements of the statute mandatory,

and that the failure to enter the cause within the time given by a proper and sufficient notice authorized a judgment of affirmance. But the court was not called upon to consider the question whether a party could be relieved from a default of this kind.

It follows that the court was in error, and should have heard and determined defendant's application on its merits, and for its failure to do so the judgment appealed from is reversed.