## HARVEY HOLMES v. MARTIN IGO and Others.[1]

February 11, 1910.

Nos. 16,361—(101).

**Dismissal of Appeal to Municipal Court — Application of Statute.**

Section 3991, R. L. 1905, authorizing an affirmance of a judgment of a justice of the peace when an appeal therefrom to the district court is dismissed for any cause, applies to proceedings in the municipal court of the city of St. Paul.

**Same.**

When such an appeal to the municipal court is for any cause dismissed, the court may, under that statute, order the judgment appealed from affirmed, with costs.

**Jurisdiction of Justice.**

A judgment of a justice of the peace, rendered after a trial of the action outside the territorial limits of his jurisdiction, is not void, where it appears that the trial and proceedings outside his territory were there had for the convenience of the parties or with their consent.

**Consent of Parties Presumed.**

Where no objection to such a trial appears from the record, it will be presumed to have been with the consent of the parties.

**Appeal to Municipal Court — Trial of Appeal.**

An appeal from a justice of the peace to the municipal court of the city of St. Paul must, under section 28, c. 351, Sp. Laws 1889, be brought on for trial by the appellant at a term of the municipal court occurring not more than twenty days from the allowance of the appeal.

[1] Reported in 124 N. W. 974.

**Trial too Late.**

An appeal allowed by a justice on the second day of February, and by the appellant noticed for trial in the municipal court on the twenty-third of the same month, is not within the twenty days allowed therefor, and the municipal court was authorized to affirm the judgment appealed from, under the provisions of the statutes referred to in the opinion.

Appeal from a judgment of a justice court to the municipal court of St. Paul. The proceedings in the municipal court are stated in the first paragraph of the opinion. From the judgment of affirmance, entered pursuant to the order of Hanft, J., defendants appealed. Affirmed.

*Thos. C. Daggett,* for appellants.
*James Cormican,* for respondent.

Brown, J.

This action was commenced in justice court, where plaintiff had judgment for $95 and the costs, and defendants appealed to the municipal court of the city of St. Paul upon questions of both law and fact. Judgment was rendered by the justice on the twenty-third of January, 1909. Defendants' appeal was perfected and allowed on the second day of February, 1909. Return was made to the municipal court, and appellants noticed and caused the action to be placed upon the calendar for trial at a term of the municipal court commencing on the twenty-third of February. When called in its order, plaintiff moved to affirm the judgment appealed from, on the ground that the appellants had failed to bring it on for trial at a term of the municipal court occurring not more than twenty days from the allowance of the appeal, as required by section 28, c. 351, Sp. Laws 1889. The motion was granted by the court, whereupon defendants moved, upon the sixteenth of March, 1909, for an order vacating the order previously made affirming the judgment appealed from, and for the entry of a new order dismissing the appeal without an affirmance of the judgment, on the grounds (1) that the affidavit of appeal, as shown by the records of the court, was never sworn to before an officer authorized to administer oaths, and in consequence the appeal was a nullity and conferred no jurisdiction upon the court;

and (2) that the judgment appealed from was void for the reason that the justice heard and determined the cause outside the boundaries of the Tenth and Eleventh wards of the city of St. Paul, within which his authority to hear or determine actions was confined. This motion was denied, judgment was entered in the municipal court affirming the judgment of the justice, with costs, and defendants appealed.

1. It is contended by appellants that the cause was brought on for trial in the municipal court within the time prescribed by the municipal court act, and that the court erred in affirming the judgment and not proceeding to hear the action on the merits. The provisions of the statute controlling the question, are as follows:

"Appeals from Justice Courts.—All appeals from judgments of justices of the peace in the city of Saint Paul shall be taken to this court, and this court shall have the same powers in such cases now possessed by the district courts of this state, and all laws applicable to appeals to the district court are made applicable to this court: Provided, however, that the appellant shall cause such appeal to be entered in this court and placed upon the calendar for trial at a term occurring not more than twenty (20) days from the time of the allowance of such appeal. And provided, further, that the appellant shall cause to be served upon the respondent or his attorney a notice of trial at least three days before the term at which said appeal is to be heard. And provided, further, that if the appellant fails or neglects to enter the appeal as aforesaid, the respondent may enter the same at the next or any succeeding term of said court, and have the judgment of the court below affirmed with interest and costs." Section 28, c. 351, p. 1000, Sp. Laws 1889.

The appellant under this statute is required to cause his appeal to be entered for trial at a term of the municipal court occurring not more than twenty days from the time the appeal is allowed, and if he fails to do so the court is authorized to affirm the judgment appealed from without a trial on the merits of the action. Marcotte v. Fitzgerald, 45 Minn. 51, 47 N. W. 316. The appeal in this cause was allowed on the second of February, 1909, and appellants caused it to be noticed for trial at a term commencing on February 23 following. It is clear that appellants were one day late. Apply-

ing the most favorable rule, and excluding the day on which the appeal was allowed, February 2, the twenty days within which the cause should have been noticed for trial expired on the twenty-second. The twenty-third, at which it was noticed, was not within twenty days from the allowance of the appeal, as the expression, "occurring not more than twenty days," must be construed, and was beyond the period when appellants could act as a matter of right.

2. Defendants also contend that the judgment of affirmance ordered in the municipal court should be reversed, and the judgment of the justice declared a nullity and void, for the reason that the justice tried the case without his territorial jurisdiction.

The justice before whom the case was brought was elected for the Tenth and Eleventh wards of the city of St. Paul, and his jurisdiction was limited by the boundaries of these wards. It appears from an affidavit offered in support of the motion made below that the justice heard and determined the action at an office occupied by him in the Fourth ward of St. Paul, and it is contended that this rendered the proceedings and judgment a nullity. It appears from the docket that the summons in the action was made returnable before the justice at his office in the Tenth ward, at which place the parties appeared and joined issue, when an adjournment was taken. On the adjourned date both parties appeared, and the issues presented were litigated, and judgment was rendered for plaintiff. The affidavit shows that the trial took place in the Fourth ward of the city, and not at the office of the justice in the Tenth ward. There is no claim, however, that any objection was made by either party to this proceeding, and we assume, in the absence of such objection, that the justice heard the case in the Fourth ward with the consent and probably for the convenience of both parties.

Under such circumstances, we are clear that the judgment is not a nullity. Though the statutes require a justice of the peace to keep his office in the town, village, city, or ward for which he is elected, and to transact all his business therein, the fact that he goes outside his town, village, city, or ward for the convenience of parties, and there hears and determines a case theretofore brought and pending before him, and without objection, is not such a loss of jurisdiction

as to invalidate the proceedings. By acquiescing in and taking part in the proceedings outside the territory for which the justice was elected, the parties waive any objection thereto. Rogers v. Loop, 51 Iowa, 41, 50 N. W. 224; Anderson v. Hanson, 28 Minn. 400, 10 N. W. 429; Oltman v. Yost, 62 Minn. 261, 64 N. W. 564.

3. It is also claimed that the appeal taken from the justice court was a nullity, and conferred no jurisdiction whatever upon the municipal court, for the reason that there was no proper affidavit of appeal. An affidavit was filed, purporting to have been signed by one of the defendants, and purporting to have been sworn to by him; but the officer before whom it was taken did not subscribe it. This defect undoubtedly rendered the appeal ineffectual and conferred no jurisdiction upon the municipal court, and it could have been dismissed on motion. Stolt v. Chicago, M. & St. P. Ry. Co., 49 Minn. 353, 51 N. W. 1103. But the contention of defendants that the municipal court should have dismissed the appeal without an affirmance of the judgment is disposed of adversely to them by section 3991, R. L. 1905, which provides that in all cases of appeal from justice court the district court shall have power to affirm the judgment upon a dismissal of the appeal for any cause. This statute applies to the municipal court and controls the situation here presented. Here the court would have been justified in dismissing the appeal for the defect in the affidavit; but this statute confers the power, not only to dismiss the appeal, but to affirm the judgment appealed from. The dismissal of the appeal would not have the effect of throwing the case out of the municipal court, but simply prevent the trial of the action on the merits therein; and, the judgment of affirmance being thus authorized, appellants are in no position to complain. Blandin v. Brennin, 106 Minn. 353, 119 N. W. 57; Graham v. Conrad, 66 Minn. 471, 69 N. W. 215.

4. Defendants' application to the municipal court was not addressed to the discretion of the court by way of an appeal for relief from their default in not timely noticing the cause for trial, but was predicated solely upon the contention that, as a matter of law, the motion should have been granted for the reason stated. Had it been addressed to the discretion of the court, and for relief from the de-

fault, the court would undoubtedly have had authority to grant it. This we have determined in Wentworth v. National **Live Stock Ins. Co.**, supra, page 107, 124 N. W. 977.

For the reasons stated, the judgment of the municipal court must be, and it is, affirmed.