GRANT D. SPICER AND E. D. SPICER, DOING BUSINESS AS SPICER'S LAUNDRY v. H. D. KENNEDY.[1]

November 14, 1919.

No. 21,471.

Notice of appeal from justice court.

1. Unless the notice of appeal from a judgment rendered by a jus-

[1]Reported in 174 N. W. 821.

tice of the peace states upon which one of the two allowable grounds it is taken, no jurisdiction is acquired by the appellate court, and the latter has no power to amend the notice.

**Entry of judgment when appeal is dismissed.**

2. The statute, however, expressly authorizes, but does not require, the appellate court to enter judgment affirming the judgment of the justice court where, for any cause, the appeal is dismissed.

**Special appearance.**

3. By asking for that only which the statute authorizes the court to grant on a dismissal for lack of jurisdiction, there was no general appearance, nor was there such appearance by the admission of service of plaintiffs' notice of motion to amend the notice of appeal and by opposing the granting of the motion.

From a judgment of justice court against plaintiffs for $99.67, they appealed to the municipal court of St. Paul. Defendant's motion to dismiss the appeal and for affirmance of the judgment of the justice court for the reasons that the notice of appeal failed to state the ground upon which the appeal was taken, whether on questions of law alone or upon questions of law and fact, was granted, and plaintiffs' motion to be allowed to amend the notice of appeal so that the same should read "law and fact," was denied, Boerner, J. Plaintiffs' motion to vacate the order granting defendant's motion and to relieve plaintiffs of the mistake in the notice of appeal, was denied. From the judgment entered pursuant to the order for judgment, plaintiffs appealed. Affirmed.

*F. E. Baker,* for appellants.

*F. V. Innskeep,* for respondent.

HOLT, J.

Appeals from judgments rendered by justices of the peace in the city of St. Paul are made to the municipal court of that city, but the procedure in respect to the notice of appeal and contents thereof is governed by section 7602, G. S. 1913. Plaintiffs attempted to take such appeal. It was dismissed by the municipal court and the judgment of the justice affirmed, because the notice failed to state the ground of appeal.

Due service of a proper notice of appeal is essential to give the appellate court jurisdiction. The section referred to requires the notice to give one

of two grounds of appeal, viz.: "That the appeal is taken upon questions of law alone, or upon questions of both law and fact." It has been held that the requirement is mandatory, and that a notice omitting to state the ground of appeal confers no jurisdiction. Smith v. Kistler, 84 Minn. 102, 86 N. W. 876; Buie v. Great Northern Ry. Co. 94 Minn. 405, 103 N. W. 11.

The original notice served has been returned to this court. It is upon a printed blank and the last line thereof, above the date and signature, contains these words in print: "And that said appeal is taken upon questions of," and the remainder of the line, being a little more than one-half thereof, is blank; evidently so left for the purpose of filling in one or the other of the two grounds upon which the appeal must be taken. Immediately below the blank space of the line are in print, inclosed in parenthesis, the words "law or law and fact." It is plain that these words were so placed by the one who prepared the blank form, to call the attention of the user thereof to the fact that it was necessary to insert one or the other of the grounds in the blank space provided in the line above. It is out of the question to consider the words in parenthesis a part of the notice. But, even if it could be done, appellants would not be helped, for, as held in Smith v. Kistler, supra, the purpose of the statute in stating the ground of appeal was to advise the other party upon which one of the alternative grounds the appeal was to be disposed of, and in this notice, if read as appellants make it appear in the "paper book," no one could tell upon which of the two grounds the appeal was taken.

The notice being ineffectual to confer jurisdiction, it follows that plaintiffs' application to the municipal court to amend the same could not be entertained. The documents necessary to perfect an appeal from a justice court must show on their face a compliance with the statute within the time allowed for appeal. After the time has expired nothing can be done to remedy a defect in such documents. Grimes v. Fall, 81 Minn. 225, 83 N. W. 835. In other words, the appellate court lacks power to amend the record transmitted by the justice so as to give itself jurisdiction. But if the record transmitted once confers jurisdiction upon the appellate court, then that court may relieve on account of excusable mistakes or defaults occurring after the appeal is perfected. Such was the

case in Wentworth v. National Live Stock Ins. Co. 110 Minn. 107, 124 N. W. 977, cited by appellant.

It cannot be held that, by joining with the motion for a dismissal a request for an affirmance of the judgment of the justice court, or by the admission of service of the notice of plaintiffs' motion to amend the notice of appeal and opposing the granting thereof, there was a general appearance or a consent to try the merits of the case in the municipal court. It is perfectly apparent that the request to affirm was made upon the sole ground that, since the notice of appeal failed to confer jurisdiction upon the municipal court, the dismissal of the appeal brought into operation the power to affirm expressly given the appellate court in such case by section 7611, G. S. 1913. The request for affirmance under this section was therefore not inconsistent with the claim of want of jurisdiction, and the case is not within the rule referred to in Spencer v. Court of Honor, 120 Minn. 422, 139 N. W. 815. It may be that, as the section now reads, the affirmance is not mandatory, but it certainly is authorized. State v. Long, 103 Minn. 29, 114 N. W. 248; Holmes v. Igo, 110 Minn. 133, 124 N. W. 974. Asking for only what the statute authorizes upon dismissal should not be construed into a general appearance or a consent to try a cause not properly in court. Nor should a party be held to have made a general appearance or to have conferred jurisdiction by simply admitting service of a notice of motion in a cause. And especially should it not be so held here, where defendant at once served the notice of motion for a dismissal solely on the ground that the municipal court was without jurisdiction of the cause. This motion was noticed for hearing at the time and place that plaintiffs had noticed for the hearing of theirs. Under these circumstances the appearance to oppose plaintiffs' motion should not be regarded as anything but a persistent objection to jurisdiction and not as a consent to try the cause anew in the municipal court.

It is regrettable that no relief can be granted plaintiffs against the errors of the justice court which resulted no doubt in an unjust judgment. But since the defective notice of appeal required a dismissal of the appeal, and the statute authorizes the appellate court to affirm the judgment of the justice court when an appeal is for any cause dismissed, we

find no legal ground for reversing the action of the municipal court in entering such judgment.

The judgment is affirmed.

HALLAM, J. (dissenting).

The conduct of the justice in dismissing a complaint for failure to reply is indefensible and it seems to me his ruling may be reviewed.

The defect in the notice of appeal is one that might be waived by a general appearance in municipal court. Wrolson v. Anderson, 53 Minn. 508, 55 N. W. 597.

It seems to me the defendant made a general appearance. The following principles are well settled:

An appearance for any other purpose than to question the jurisdiction of the court is general. St. Louis Car Co. v. Stillwater St. Ry. Co. 53 Minn. 129, 54 N. W. 1064.

An appearance for this special purpose, coupled with a demand for relief inconsistent with a claim of want of jurisdiction, is a general appearance. Spencer v. Court of Honor, 120 Minn. 422, 426, 139 N. W. 815.

Objection to the jurisdiction, coupled with objections which do not go to the jurisdiction, constitutes general appearance. Papke v. Papke, 30 Minn. 260, 15 N. W. 117.

In this case defendant asked for an affirmance of the judgment. This was relief which the court on motion to dismiss might give, but which it was not required to give. State v. Long, 103 Minn. 29, 114 N. W. 248; Holmes v. Igo, 110 Minn. 133, 124 N. W. 974. Defendant also appeared in opposition to plaintiffs' motion to amend the notice of appeal. Later he admitted due service of a notice of motion to vacate the order affirming the judgment on the ground that the judgment of the justice was void, and asking that defendant be restrained from proceeding further in the action, and on the return day of the motion appeared in opposition thereto.

It seems to me that defendant made a general appearance and that the defects in the notice of appeal were waived.